## Rufe Gordon v. The State.

*No. 3099.    Decided March 14.*

1. **Affidavit, Requisites of.**—In this State an affidavit is required to be in writing, and signed by the party making the same. See the opinion for a document purporting to be an affidavit, which was held to be entitled to no consideration because not signed by the parties purporting to make it, and because there was no jurat to it, showing it had been sworn to.

2. **Judgment, Presumptions in Support of.** — Every presumption tending to uphold and support the judgment of the trial court must be invoked by the appellate court. A party attacking such judgment on appeal must make it apparent that sufficient error exists to set the judgment aside.

3. **Same—Judicial Notice.**—This court takes judicial cognizance of the ordinary forms of trial in felony cases; that the case was tried before a court in session, with a full quota of officers; that the defendant was tried by an impaneled jury, and that he was present when tried, where the judgment recites these statutory requisites. To avoid these matters the evidence must be plain and certain, establishing satisfactorily that the requirement of the law in some essential particular has not been observed on the trial.

4. **Same—Affidavit of Defendant Impeaching the Judgment.** — The judgment recited that the defendant pleaded not guilty to the indictment. In his motion for a new trial defendant alleged that he did not plead to the indictment, and was not afforded the privilege of pleading to it. He verified this ground of his motion by his own affidavit only. *Held*, the defendant's affidavit alone was not sufficient to disprove the affirmative recital in the judgment that he did plead to the judgment. He should have supported his affidavit by evidence of its truth.

Appeal from Tarrant County. Tried below before Hon. R. E. Beckham.

The jury assessed the punishment at four years confinement in the penitentiary. The opinion states the case with respect to the questions determined.

*Ben M. Terrell* and *Jas. S. Davis*, for appellant.—Upon the proposition that defendant did not plead to the indictment in the trial court, and the necessity of such plea, cited: Code Crim. Proc., arts. 603–604, 781; Shaw v. The State, 17 Texas Ct. App., 225; Cole v. The State, 11 Texas Ct. App., 68; George v. The State, Id., 95; Huddleston v. The State, 14 Texas Ct. App., 73; Harris v. The State, 17 Texas Ct. App., 559; Wilkins v. The State, 15 Texas Ct. App., 430; Smith v. The State, 4 Texas Ct. App., 626.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was indicted and convicted for theft from the person.

There are no exceptions to the rulings of the court reserved by bill, and the record contains no statement of the facts adduced on the trial below. The charge is in all respects sufficient.

Appellant filed his motion for a new trial, and therein alleges that on the trial of his cause he did not plead to the indictment; nor did his counsel plead for him; nor had he been called on to plead, nor offered the privilege of pleading thereto; and that neither he nor his counsel refused to plead to said indictment, so as to authorize the court to enter the plea for him. This motion was sworn to by the defendant in the court below. There was a sworn motion also to correct the judgment by eliminating therefrom the recitation of the plea of not guilty therein entered. This, as well as the motion for a new trial, was overruled. There are no affidavits in the record as to the truth of these statements of defendant, except his own.

We find the following document copied in the record, to-wit:

"*The State of Texas, County of Tarrant.*—Before me, the undersigned authority, on this day personally appeared Ben M. Terrell and Jas. S. Davis, and each of them having been by me duly sworn, upon oath says, each for himself, that they were the attorneys of the defendant in the case of The State of Texas v. Rufe Gordon, No. 6152, and were present in court on the 23d day of January, 1891, in the District Court of Tarrant County, when said cause was called for trial, and conducted the defense therein from the beginning to the close of said trial, and that they have each examined the defendant's motion for a new trial filed herein, and that the matters and things set out in said motion are, within the knowledge of affiants, true and correct.

"Witness my hand and seal of office at Fort Worth, this the 24th day of January, 1891.          "L. R. TAYLOR, District Clerk."

This document was filed January 24, 1891. It was not signed by either of the parties named in the body of it. It did not have the jurat of the officer attached to it, certifying the necessary oath was administered to said named parties; nor is there anything to indicate that they were sworn to its contents.

In this State, affidavits of this character "shall be in writing, and signed by the party making the same." Rev. Stats., art. 6. Applying the statutory tests to the above quoted instrument, it will be seen that it is not an affidavit. It can not be treated as an affidavit.

Nothing will be indulged in favor of such matters when they operate as an attack upon the judgment of a court of record, to the end that the judgment may be set aside or vacated on appeal. Every presumption must and will be indulged by appellate courts, tending to uphold and sustain judgments of trial courts. A party attacking such judgments must make it apparent that sufficient error exists to set aside or annul them.

As this case is presented to us we find a full and complete judgment, in all its parts and requisites, under the statutes. Code Crim. Proc., arts. 791, 792.

As a reason for vacating this judgment, we are confronted only with the affidavit of the convicted defendant that one of its recitals is false and untrue. This affidavit is unsupported by any fact, circumstance, or testimony in the record.

. We can not agree that a judgment of a court of competent jurisdiction, ascertained and determined under the forms of law, can be vacated, annulled, and overruled in the manner and by the means set forth in this record.

This court takes judicial cognizance of the ordinary forms of trials in felony cases; that the case was tried before a court in session, with a full quota of legal officers; and that defendant was tried before an impaneled jury; and that he was present when tried, where the judgment recites these statutory requisites. To avoid these matters, the attacking evidence must be plain and certain. The court certifies, by the judgment and its recitals, the order overruling the motion for new trial, and the sentence, that the motion is not well taken. The jurors and the officers present, the court and the attorneys, knew or should have known whether defendant's affidavit was true, and if true it can not be presumed they would have remained silent on so grave a matter. Defendant could and should have asked for the intervention of the court for such process as would have enabled him to make the truth appear, if his affidavit stated the truth in relation to the matter set up therein. This was not done.

This case does not come within the rule laid down in Shaw's case, in 17 Texas Court of Appeals, 225; nor within the rule laid down in any of the cases cited in appellant's brief. In those cases the matters were

made apparent by facts, and were uncontroverted. The facts came from third parties, or were admitted to be true.

This is the only question in this case, and we think the court did not err in overruling the motion for new trial based on that ground. The judgment is therefore affirmed.

*Affirmed.*

Judges all present and concurring.