**LIMESTONE COUNTY v. KNOX et al.
(No. 8575.)**

(Court of Civil Appeals of Texas. Dallas. July 2, 1921. Rehearing Denied Oct. 15, 1921.)

**1. Counties ⚖116 — Contract entered into without competitive bids held void.**

County's contract involving expenditure of more than $2,000, without requiring competitive bids under Vernon's Ann. Civ. St. Supp. 1918, arts. 2268a, 2268b, *held* void though the machine purchased by the county was a patented product, and though the acceptance of it depended upon an examination at time of delivery.

**2. Counties ⚖130—Could recover property transferred in part payment for machinery purchased without competitive bids.**

Where county's contract for purchase of machinery was void for failure to ask for competitive bids under Vernon's Ann. Civ. St. Supp. 1918, arts. 2268a, 2268b, the county could recover mules, wagon, and harness transferred in part payment for the machinery; the entire transaction being void.

**3. Counties ⚖124(2)—Could not ratify contract void for failure to require competitive bids.**

Where county's contract for purchase of machinery was void for failure to require competitive bids under Vernon's Ann. Civ. St. Supp. 1918, arts. 2268a, 2268b, the acceptance of the machinery, the commissioners' court's approval of the claim for the purchase price thereof, and the issuance of warrants, did not validate the contract, since the contract being void could not be ratified.

**4. Contracts ⚖98—Void contract a mere nullity.**

A void contract is a mere nullity and is obligatory on neither party.

**5. Counties ⚖116—Contract made without competitive bids void and not voidable.**

County's contract involving expenditure of more than $2,000 made without requiring competitive bids under Vernon's Ann. Civ. St. Supp. 1918, art. 2268a, is void under article 2268b, making such contract "void," and not voidable.

**6. Counties ⚖130—County held not estopped from denying validity of contract entered into without competitive bids.**

Where county's contract involving expenditure of more than $2,000 was void because competitive bids were not required under Vernon's Ann. Civ. St. Supp. 1918, arts. 2268a, 2268b, the fact that it was discussed in open court and was made with the knowledge and consent of all or a majority of the commissioners, that the machinery purchased was accepted on behalf of the county, that the claim for the price was approved in open court, that warrants were issued, and that county did not seek to place the parties in statu quo, did not estop the county from denying the validity of the contract.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Suit by Limestone County against S. P. Knox and others. Judgment of dismissal, and plaintiff appeals. Reversed and rendered in part, and reversed and remanded in part.

L. W. Shepperd and W. T. Jackson, both of Groesbeck, and A. B. Rennolds, of Mexia, for appellant.

Seay, Seay, Malone & Lipscomb, of Dallas, for appellees.

TALBOT, J. This suit was instituted in the district court of Limestone county, Tex., by the appellant, in obedience to an order of the commissioners' court of said county, against S. P. Knox, Lem Robison, Dudley Roan, Mrs. Lula Oates, as treasurer of Limestone county, E. A. Gebhard, Austin Bros., a private corporation, and Austin Bros. Bridge

Company, a private corporation. The object of the suit was to cancel a contract made October 18th, by the appellee S. P. Knox, then commissioner of precinct No. 4 of said county, with the appellee E. A. Gebhard as the agent and representative of the appellees Austin Bros. and Austin Bros. Bridge Company, for the purchase for Limestone county of a 125/50 H. P. Twin City tractor, valued at $3,850, and one highway grader, valued at $955, Gebhard to take seven mules belonging to the county at the market price of said mules, valued at $2,450, seven sets of harness valued at $525, and one wagon valued at $200, and balance of the purchase price of said machinery to be charged to and paid by Limestone county. At the time the contract in question was made, the mules, wagon, and harness referred to were in the possession of the appellee Knox as commissioner of said precinct No. 4, who was then holding same for the appellant. The appellee Knox, with the view of carrying out said contract, induced the auditor of Limestone county to issue three vouchers in favor of the appellee Gebhard, two for the sum of $1,000 each and another for the sum of $1,009.75, which vouchers were registered by the appellee Mrs. Lula Oates as treasurer of the appellant, as claims against the appellant to be paid out of the road and bridge funds of precinct No. 4 of Limestone county, and became and are an apparent debt and liability against the appellant county.

The appellant sought to have the contract, and warrants issued in pursuance thereof, canceled for the following reasons: (1) That the contract involved the expenditure of more than $2,000; that it was not advertised and was not submitted to competitive bids, and hence was in contravention of the various provisions of articles 2268a and 2268b of the Revised Civil Statutes of the State of Texas, and was therefore void; (2) that said contract was made in furtherance of a conspiracy between the appellees S. P. Knox, E. A. Gebhard, Austin Bros., Austin Bros. Bridge Company, and one Ben McGraw (now deceased) to cheat and defraud appellant out of its property for their own use and benefit, and hence the contract was vitiated by the fraud; (3) that the contract was made by the appellee S. P. Knox without sufficient authority to bind the appellant. Appellant prayed that the contract be declared null and void; that it recover the mules, wagon, and harness, or their reasonable value in lieu thereof, if said property could not be returned; and that the county warrants be canceled and held for naught, and for a writ of injunction restraining appellees from disposing of appellant's property and restraining or enjoining the collection of the warrants.

The writ of injunction was granted by the court without a hearing on the 14th day of February, 1919. The various appellees filed separate answers, setting up demurrers and exceptions as shown by their respective pleadings, and pleaded specially, among other things, as follows: (1) That the provisions of articles 2268a and 2268b of the Revised Civil Statutes of Texas do not apply to the contract in question because said contract involved patented machinery which was obtainable from only one source, and hence the subject-matter of the contract was such that competitive proposals would work an incongruity, would be unavailing as affecting the final result, and would not produce any advantage; that said statutes do not apply for the further reason that the subject-matter of the contract was in the nature of a monopoly, was to be delivered subject to inspection and test, and was not to be accepted until after examination and trial, and hence it was practically impossible to observe the statutory requirements; (2) that even if the articles of the statutes above referred to do not apply, that the Legislature intended by the passing of said statutes to prevent counties from entering into future contracts involving the expenditure of more than $2,000, except after proper advertisement and a submission of said contracts to competitive bids, and to provide relief by permitting the enforcement of such contract to be enjoined; that said bill was not intended to permit, and did not permit, a county to enter into such a contract and to allow said contract to be wholly executed upon the part of the other contracting party and the county to receive its benefits and then repudiate the same without placing the other party in statu quo; (3) that even if the articles of the statutes above referred to do apply to the contract in question, that the Legislature used the word "void" in article 2268b in the sense of "voidable," and this contract being wholly executed on the part of the appellees, and the appellant having received this machinery after test, having used the same and issued its warrants in payment therefor after such acceptance and use, having permitted said warrants to get into the hands of innocent third parties, and not having tendered back said machinery and offered to put appellees in statu quo, appellant will be held to have ratified and confirmed said contract and should be estopped at this late date to repudiate the same; (4) that the contract in question was fully discussed in open court and was made with the full knowledge and consent of all the members of court, and they did not attempt to delegate any discretionary power to the appellee S. P. Knox in regard to this transaction, but merely made him their ministerial agent to test and accept said machinery which they had a right to do; (5) that even if the appellee S. P. Knox was without authority in the first instance to make the contract in question, after the contract was so made, the machinery in question was deliv-

ered with the full knowledge and consent of the entire court, was tried, and accepted, the claim covering same was passed upon in open court, approved, and ordered paid, and county warrants were actually issued and passed into the hands of innocent third parties, and appellant, by such acts and conduct, fully ratified and confirmed this contract and is now estopped to deny said contract and to repudiate the same.

A trial was had before the court without a jury, and judgment was rendered that appellant take nothing by its said suit, that the temporary writ of injunction theretofore granted be in all things dissolved, and' declaring the outstanding county warrants to be valid and subsisting claims against the county, and directing the county treasurer to pay said warrants with 6 per cent. interest from February 15, 1919.

The propositions contended for by the appellant in its brief are reflected in our statements of the reasons urged for a cancellation of the contract in question and the warrants issued in pursuance thereof, and the assignments of error presenting those propositions need not be stated. The question for decision is whether or not, since the undisputed evidence shows that the contract under which the appellant's mules, wagon, and harness aggregating in value the sum of $2,000 were disposed of and under which appellant's three warrants, in the aggregate sum of $3,009.75, were issued, was without authority and void because the offer of said property for sale and the purchase of the road machinery involved in the contract awarded was never submitted to competitive bids as provided by the statutes of this state. Article 2268a of Vernon's Civil Statutes 1918, Supplement, provides:

"The commissioners' court of this state, shall make no contract calling for or requiring the expenditure or payment of two thousand ($2,-000) dollars or more out of any fund or funds of any county, or subdivision of any county, without first submitting such proposed contract to competitive bids; notice of the time and place, when and where such contract will be let, shall be published in some newspaper published in said county or subdivision once a week for two weeks prior to the time set for letting said contract; or if there is no newspaper published either in said county or said subdivision, then notice of the letting of said contract shall be given by causing a notice thereof to be posted at the courthouse door of such county for fourteen days prior to the time of letting such contract; provided that in case of public calamity, where it becomes necessary to act at once to appropriate money to relieve the necessity of the citizens or to preserve the property of the county, this provision may be waived; provided, that all contracts made by or with said court calling for or requiring the expenditure of any amount of money less than two thousand ($2,000) dollars and exceeding five hundred ($500) dollars, shall be let by competitive bids at a regular term of court, except in case of urgent necessity or present calamity; provided, that the provisions of this act shall not apply to any work done under direct supervision of the county commissioners and paid for by the day."

Article 2268b provides:

"A contract made by the commissioners' court without complying with the terms of this act shall be void and shall not be enforceable in any court of this state, and the performance of same and the payment of any money thereunder may be enjoined by any 'citizen of such county or subdivision. This act shall not be construed so as to repeal any part of title 29, chapter 2, Revised Statutes of 1911, and shall be cumulative to said title and chapter."

[1] That the provisions of article 2268a above quoted were not complied with by the commissioners' court of Limestone county in the transaction complained of by the appellant is undisputed. Neither the purchase of the machinery nor the sale or exchange of the mules, wagon, and harness was submitted to competitive bids, and no notice that such a purchase and sale or exchange was contemplated, or would be made by the commissioners' court, was given in a newspaper or by posting notices at the courthouse door. The contract entered into involved the expenditure or payment of more than $2,000 out of the funds of Limestone county and was clearly inhibited by the statute mentioned unless the requirements thereof were complied with. The language of the statute is clear, unambiguous, and emphatic. The legislative intent and purpose is manifest, and the law should be observed and given full effect by the commissioners' courts of the state. The penalty for failure to comply with its terms is prescribed in article 2268b, quoted above. That penalty for such failure is that the contract shall be void and shall not be enforceable in any court of this state. The facts showing a failure to comply with the legislative act in question, in the present instance, were fully alleged in the appellant's petition and established by the uncontroverted testimony, and the appellant was entitled, we believe, to the relief prayed for in its petition, and authorized by the statute, namely, that the performance of the contract and payment of any money thereunder be enjoined.

[2] We also are of the opinion that since the appellant's mules, wagon, and harness were disposed of by the commissioners' court under the contract in question, a contract inhibited by law, the entire transaction was void and said property or its value recoverable by the county. The consequences of the failure on the part of the commissioners' court to comply with the terms and provisions of article 2268a of the statute cannot be escaped on the theory advanced by the appellees that the subject-matter of the contract of purchase was "a patented product

in the nature of a monopoly, so that competitive proposals would work an incongruity and be unavailing as affecting the final result, or would not produce any advantage." The fact that the "subject-matter of the contract is a patented product" does not excuse a failure to comply with the terms of the statute. It is not so provided in the statute, and we may not look elsewhere for such an excuse. As has been seen from a reading of the statute, such contract as the one involved in this suit shall be let by competitive bids at a regular term of court except only in case of urgent necessity or present or public calamity, when it becomes necessary to act at once to appropriate money to relieve the necessity of the citizens or to preserve the property of the county; neither of which, according to the undisputed testimony, existed when the contract under consideration was made. Nor is the statute inapplicable because forsooth the "nature of the subject-matter of the contract is such that it must be determined from inspection and test and the acceptance depends upon examination and trial upon the ground."

[3] Neither can the failure of the commissioners' court to comply with the terms of the statute be regarded as of no consequence in the disposition of this case on the ground that the statute was not intended to permit and does not permit a county to enter into a contract like the one involved here, and allow such contract to be wholly executed upon the part of the other contracting party, the county to receive the benefits thereunder and then repudiate the same without even attempting to place the other party in statu quo. The appellees were chargeable with notice of the fact that the making of the contract without submitting it to competitive bids, upon the notice required, was absolutely prohibited by the statute, and, such contract and the transactions thereunder being void, could not be ratified or made binding by any one professing to act for the county, nor by the commissioners' court, by any subsequent proceeding for that purpose. That it cannot be said that the submission of the contract to competitive bids would have been useless is evident. The appellee Knox testified that he had had large experience with tractors and graders, and that there were many different makes, but that the Twin City was his choice. He further testified that such machines were handled through agents and that it was his understanding that each agent had his own territory; that the Twin City tractor was not the only tractor that will work on the road; that while he might like, the Twin City tractor, the next fellow might like a different make, and that it was a fact that some other tractor might do as good work. The commissioners' court, however, being without power or authority to make the contract in the first instance without compliance with the terms of

the statute, the contract was void and could not be vitalized and made binding and enforceable by ratification or otherwise.

[4, 5] It is well said that a contract which the law denounces as void is necessarily no contract whatever and the acts of the parties in an effort to create one in no wise bring about a change of their legal status. A void contract is a mere nullity, and is obligatory on neither party to it. "It requires no disaffirmance to avoid it and cannot be validated by ratification." We do not agree with the appellees' contention that the word "void" as embodied in article 2268b of the statute should be construed to have been used in the sense of voidable. Looking to the intention of the Legislature and its purpose in enacting the statute we are called on to thus construe, we see nothing in its terms, the evident evil to be avoided and good to be accomplished, to justify such construction. Headlee v. Fryer, 208 S. W. 213.

[6] Neither the fact that the contract was discussed in open court and made with the knowledge and consent of all or a majority of the commissioners, nor the fact that the machinery purchased was accepted by the appellee S. P. Knox on behalf of the county, and the account covering the price agreed to be paid therefor was approved in open court and warrants for same ordered issued, nor the fact that the county has never sought to place the other parties to the contract in statu quo, alters the case. Limestone county was not estopped by either of these things or by all of them combined to deny the validity of the contract. The authorities cited by the appellees in support of their expressed views upon the subject are not applicable and controlling here. The questions are controlled by the statute referred to above, and that statute not having been complied with, the otherwise regularity of the proceedings had in making the contract cannot avail to give it validity and warrant its enforcement. It results from what we have said that, in our opinion, the judgment of the district court should be reversed and judgment here rendered in favor of the appellant, permanently enjoining the collection of the warrants issued as a part of the consideration for the purchase of the road machinery, regardless of the other reasons urged by the appellant for such action, and it will be so ordered. We will take occasion, however, to say that our examination of the record has led us to the conclusion that the evidence is insufficient to sustain the appellant's allegations to the effect that the contract in question was the result of collusion between the appellees S. P. Knox and E. A. Gebhard to cheat and defraud the appellant.

We are asked to reverse the judgment of the court below and render judgment in this court for the appellant also for the value of the mules, wagon, and harness. In the state of the record this cannot be done. The trial

court having concluded that the appellant was not entitled to recover, no specific findings were necessary or made in reference to the value of the mules, wagon, and harness in suit, and the testimony bearing upon their value is not of such character as would authorize us to determine and settle that issue. There are also cross-actions in the suit which, in view of the record, we are not prepared to dispose of on this appeal, and we express no opinion whatever as to the rights of the parties therein. The judgment of the district court dissolving the injunction theretofore granted restraining the collection by the appellees and payment by the treasurer of Limestone county of the warrants aggregating $3,009.75 is reversed, and judgment is here rendered in favor of the appellant permanently enjoining the collection and payment of said warrants, and the case for a hearing and determination of the issue made as to the value of the mules, wagon, and harness and for trial and determination of the cross-actions filed in the suit, not inconsistent with views expressed in this opinion, is reversed and remanded to the district court.

Reversed and rendered in part, and reversed and remanded in part.