

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXILXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Alwin E. Pape
County Attorney
Guadalupe County
Seguin, Texas

Dear Sir:

Opinion No. O-3219
Re: Whether the subject person is per-
manently disabled and exempt from the
payment of a poll tax under the stated
facts.

We are pleased to comply with your request for the opinion of
this Department upon the question of whether the person described
in your letter is permanently disabled and therefore exempt from
the payment of a poll tax under Articles 2959 and 2960, Revised
Civil Statutes of Texas.

The subject person in described by you as follows:

"A World War Veteran was adjudged totally and permanently
disabled, aqcount tuberculosis, and has been receiving com-
pensation therefor in the full amount for many years. He
owns a farm which he does not personally work but maintains
with tenant and hired help. He is able to walk around,
drives a car for short distances, visits neighboring towns
and cities, and does nothing strenuous, and must not, accord-
ing to his attending physician's orders. A complication to
his illness is a severe sinus infection, long since chronic."

Article 2959 provides that "A poll tax shall be collected from
every person between the ages of twenty-one and sixty years who
resided in this State on the 1st day of January preceding its
levy, ....persons.....permanently disabled, excepted."

Article 2960 provides in part that "Every person who is more than
sixty years old...or is permanently disabled...shall be entitled
to vote without being required to pay a poll tax."

It may be strongly urged that the term "disabled" does not mean
total and complete disability, implying rather the fact of being
crippled, of being deprived of normal and natural capacities.
Certainly "permanent" is not synonymous with "total" and means,
only, that the disability shall be lasting and fixed.

The person you have described is undeniably disabled to a certain extent, and permanently so upon any reasonable hypothesis.  But he is not totally so.

In such case we are bound by the authorities in Texas which are summarized as follows in Hugg v. Duffield, 251, S.W. 298, 303:

> "The court erred in holding that H. C. Smith was a qualified voter and that his ballot should be counted for appellant. He swore that he had hurt his back and used two sticks to support himself when he walks.  He was partially paralyzed. The law exempts every person who has lost a hand or foot or is permanently disabled.  Article 2942.  The facts are that H. C. Smith is 53 years old and was crippled four years ago by a fall from a derrick.  He was in bed four or five weeks. He uses canes in walking.  He has charge of the water pump at Lyford, which is propelled by a gasoline engine; he supervises the waterworks system, attends to meter tests, and sometimes cleans meters.  He goes about in an automobile which he drives himself.  He starts the car by hand, having no self-starter. The car is one familiarly known as a "Ford."  He gets 35 cents an hour for his labor on an average of $25 per month.  Under the authority of Bigham v. Clubb, 42 Tex. Civ. App. 312, 95 S.W. 675, McCormick v. Jester, 53 Tex. Civ. App. 306, 115 S.W. 278, and Hillert v. Schweppe (Tex. Civ. App.) 234 S.W. 132, we hold that H. C. Smith was not permanently disabled in the eyes of the law.  The facts of this case are quite similar to those in the last case cited, decided by this court.  The vote of Smith should not have been counted for appellant." (Emphasis ours)

The facts in this case demonstrate unquestioned disability to a certain extent, which to such extent was permanent.  Notwithstanding which the court holds that such is not permanent disability within Articles 2953 and 2960.  Therefore it follows that our courts have not adopted the view discussed above that "disabled" in the statutes before us means crippled, or the loss of normal and natural faculties to a certain degree.

It is therefore the opinion of this Department that the subject person of your request, who is able to walk, to drive an automobile, and to visit in neighboring towns and cities, is not permanently disabled within the purview of Articles 2959 and 2960 and, notwithstanding his admitted disability to a great extent, is not exempt from the payment of a poll tax.

Yours very truly

APPROVED AUG. 4, 1941
GROVER SELLERS
FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS
By  Zollie C. Steakley
                Assistant