**T. D. CRADDOCK, Appellant,**

**v.**

**R. C. OVERSTREET et al., Appellees.**

No. 396.

Court of Civil Appeals of Texas.

Tyler.

Dec. 5, 1968.

Rehearing Denied Jan. 9, 1969.

Adams, Granberry & Hines, F. P. Granberry, Crockett, for appellant.

Sallas, Griffith & Meriwether, J. B. Sallas, Crockett, for appellees.

SELLERS, Justice.

This is a suit to recover damages for the wrongful issuance of a temporary restraining order issued in Cause No. 8777 in the District Court of Houston County.

The trial was to the Court without a jury and resulted in a judgment that appellant take nothing, from which judgment, the appellant has duly prosecuted this appeal.

We take the following statement from Appellant's Brief:

"T. D. Craddock was the successful bidder on a job of installing air conditioning equipment in the Houston County Courthouse. He did not enter into a written contract with the County Commissioners' Court, nor did he file the performance bond and payment bond required by law. He commenced his work and R. C. Overstreet procured the issuance of a temporary restraining order stopping the work because of the absence of such contract and such bonds. A lengthy hearing was held on the application for temporary injunction. During this hearing Appellant Craddock entered into a formal written contract with the County, acting through the Commissioners' Court, and filed and secured the approval of the performance bond and payment bond required by law. The Trial Court dissolved the temporary restraining order and refused to grant a temporary injunction, but provided in the judgment that the dissolution of the temporary restraining order should 'be superseded or suspended during the pendency of any appeal, which may be taken herefrom.' The Court of Civil Appeals for the First District affirmed and the writ of error was refused by the Supreme Court with the notation, 'no reversible error'. It was after the order of the Supreme Court became final

that Appellant herein proceeded to complete his work and discharge his obligations under the contract. This suit was then filed wherein Appellant Craddock seeks to recover the damages suffered by him by reason of the year's delay in his work and receiving the price therefor, which was occasionded by the delay caused by Appellees. The factual background can be better understood if the Court will here read the opinion of the Court of Civil Appeals which is reported in 356 (365) S.W.2d 409. * * *"

There is involved in the case referred to, the validity of the contract entered into between the Commissioners' Court and appellant after the appellant had begun the work without first entering into a written contract with the Commissioners' Court and filing the bonds required by law. The appellate court upheld the contract and approved the late filing of the bonds, but in connection with the granting of the temporary restraining order in the trial court, held at pages 412, 413:

"The performance bond and payment bond in this case were not executed, approved and filed until after the work had commenced and the hearing on the application for temporary injunction had begun. Prior to dissolution of the temporary restraining order, which was properly issued, and the order of the court denying appellant a temporary injunction, appellee Craddock had provided the required bonds which were approved and filed.

* * * * * *

"If such contract is not submitted to competitive bids, it is void and of no effect whatever and cannot be ratified. 34 Tex.Jur., p. 734, Public Works and Contracts, Sec. 3, and authorities cited; Limestone County v. Knox, Tex.Civ.App., 234 S.W. 131. In the instant case, the contract was submitted to competitive bids, and hence was not void ab initio. Sec. 2, Art. 2368a, V.A.T.S., further provides that the successful bidder shall be

required to give a bond for the faithful performance of the contract in accordance with Art. 5160. Article 5160 provides that the contractor shall be required to give both a performance and a payment bond before commencing the construction work. Since in this case he did not do so, the trial court properly issued a temporary restraining order at the instance of appellant, a taxpaying citizen, enjoining performance of the contract and payment of money thereunder, until and pending the hearing on the application for temporary injunction."

Therefore, we have it judicially determined that the injunction complained of by appellant in his suit for damages on the injunction bond was rightfully issued since the appellant had not executed a contract with the County and had not filed the bonds required by law before beginning the work.

We are of the opinion that the trial court's judgment must be sustained. The rule seems to be well settled that an applicant who secures a temporary restraining order wrongfully is liable for the damages caused by the injunction. 31 T.J.2d 361, Section 232. This same authority states another rule which we think applicable to the case as follows:

"Where an act enjoined was an act the defendant in the action had no legal right to do, no right to recover damages can exist even though the injunction was wrongfully procured. * * *"

Appellant makes the contention in his Brief that the injunction when granted was rightfully issued; that it became invalid after the filing of the bonds and the contract some thirty days later; and that appellant is authorized to recover his damages for the delay caused by the appeal which was about one year. We overrule this contention on the authority of 43 C.J.S. Injunction § 281b, Injunction Rightfully Obtained, p. 1056, from which we quote:

"To authorize the recovery of damages, the issuance of the injunction must have been wrongful in its inception, or at least it must have been continued owing to some wrong on the part of plaintiff. If rightfully awarded, but afterward properly dissolved, because of matters done or arising subsequent to its issuance, there can be no recovery of damages. * * *"

Finding no error in the record, the judgment of the trial court is affirmed.