

# The Attorney General of Texas

July 27, 1979

MARK WHITE
Attorney General

Supreme Court Building
P O Box 12548
Austin. TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905
915/533-3484

72? Main. Suite 610
on. TX. 77002
28-0701

306 Broadway. Suite 312
Lubbock. TX. 79401
806/747-5238

4313 N. Tenth. Suite F
McAllen. TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable W. E. Anderson
Lamar County Auditor
Lamar County Courthouse
Paris, Texas

Opinion No. MW-34

Re: Authority of a county to pay a former county judge for services rendered in acquiring right-of-way for the county.

Dear Mr. Anderson:

You have requested our opinion regarding the authority of a county to pay a former county judge for services rendered in acquiring right-of-way for the county. The county attorney has issued an opinion in this matter with which you disagree. We have asked that you provide us with the dates of the various transactions, and our opinion is based on the narrative you have provided.

You state that, on December 28, 1978, prior to the expiration of his term, the county judge of Lamar County made an informal agreement with each other member of the commissioners court. Under the terms of the contract, the county judge would act as the agent for the county in acquiring parcels of land for a highway project. On January 8, 1979, after the county judge had left office, the commissioners court officially considered the matter, but left it unresolved. On January 22, 1979, the commissioners court assigned all further duties in regard to obtaining right-of-way to the county attorney's office. Subsequently, the former county judge submitted his claim for $1,500.00 for services rendered from January 1-26. On April 9, 1979, the commissioners court, on the basis of the December 28 contract, authorized a payment of $800.00 to the former judge. You ask a number of questions regarding the validity of these actions.

Article 2340, V.T.C.S., requires that, upon entering the duties of office, a county judge and each member of the commissioners court

> take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides. . . .

It has long been firmly established in this state that a contract between a public official and the public body of which he is a member is contrary to

public policy and therefore void, if the official has any personal pecuniary interest in the contract. Bexar County v. Wentworth, 378 S.W.2d 126 (Tex. Civ. App. — San Antonio 1964, writ ref'd n.r.e.); Starr County v. Guerra, 297 S.W.2d 379 (Tex. Civ. App. — San Antonio 1956, no writ); Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. — Eastland 1925, no writ). This office has said that the purpose of article 2340 is "to eliminate any conflicts of interest between the county and those who manage its fiscal affairs." Attorney General Opinion No. H-624 (1975). See Attorney General Opinions M-1140 (1972); WW-1406 (1962). Even compelling circumstances are not sufficient to render such a contract lawful. Attorney General Opinions H-734, H-695 (1975). Since, under the circumstances you have described, the contract was entered into while the individual still occupied the office of county judge, we must conclude that it was void ab initio. Such a contract may not be subsequently ratified, Limestone County v. Knox, 234 S.W. 131 (Tex. Civ. App. — Dallas 1921, no writ), and thus, the $800.00 payment by the commissioners court on April 9, 1979, on the basis of that contract, was invalid.

## SUMMARY

Under the circumstances described, a commissioners court may not authorize payment to a former county judge for services rendered under a contract with the county entered into while the judge still occupied his office.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood