

# The Attorney General of Texas

January 8, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P O Box 12548
Austin, TX 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX 79905
915/533-3484

723 Main, Suite 610
Houston, TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX 79401
806/747-5238

4313 N Tenth, Suite F
McAllen, TX 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tom O'Connell
Criminal District Attorney
Collin County Courthouse
McKinney, Texas 75069

Opinion No. MW-124

Re: Legality of county contracts in which a county commissioner is indirectly interested, and related questions.

Dear Mr. O'Connell:

You ask:

> May a county legally enter into a contract for the purchase of road materials from a company when said company is in turn paying a county commissioner royalties or other monies for some of these road materials?

You explain that the county purchases its needs for crushed rock pursuant by a single bid submitted to the Commissioners Court of Collin County by a company that for many years has mined the material, crushed it, and stored it at five specific quarries. When crushed rock is needed for road maintenance, the county commissioner responsible for the district maintained sends county trucks to one of the quarries for the rock needed. The company pays the quarry owner a royalty for each truckload of rock removed from his quarry. Your question arises because one of the quarries is owned by a county commissioner and his son. The circumstances of the matter, according to your office, were well known to all members of the commissioners court at the time the bid was accepted.

In Attorney General Opinion MW-34 (1979), we observed:

> Article 2340, V.T.C.S., requires that, upon entering the duties of office, a county judge and each member of the commissioners court
>
> take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides. . . .

It has long been firmly established in this state that a contract between a public official and the public body of which he is a member is contrary to public policy and therefore void, if the official has any personal pecuniary interest in the contract. Bexar County v. Wentworth, 378 S.W.2d 126 (Tex. Civ. App. — San Antonio 1964, writ ref'd n.r.e.); Starr County v. Guerra, 297 S.W.2d 379 (Tex. Civ. App. — San Antonio 1956, no writ); Meyers v. Walker, 276 S.W. 305 (Tex. Civ. App. — Eastland 1925, no writ). This office has said that the purpose of article 2340 is 'to eliminate any conflicts of interest between the county and those who manage its fiscal affairs.' Attorney General Opinion No. H-624 (1975). See Attorney General Opinions M-1140 (1972); WW-1406 (1962). Even compelling circumstances are not sufficient to render such a contract lawful. Attorney General Opinions H-734, H-695 (1975). . . . Such a contract may not be subsequently ratified, Limestone County v. Knox, 234 S.W. 131 (Tex. Civ. App. — Dallas 1921, no writ). . . .

The situation you describe does not involve a contract directly between a public official and the public body of which he is a member, but it does involve a contract and claims against the county in which a public official has an indirect pecuniary interest, at least, and perhaps a direct one. The arrangement is violative of article 2340, V.T.C.S., which is designed to eliminate such conflicts of public and private interests.

Attorney General Opinion H-354 (1974), cited by one of the briefs submitted to us, does not support a contrary conclusion. There, it was determined that a county might purchase gasoline from a corporation owned by the brother of a county commissioner "assuming it to be true that no county commissioner has an interest, direct or indirect, in the corporation. . . ." Id. at 3. See also Attorney General Opinions H-1309 (1978); H-993 (1977); H-329 (1974). Cf. Attorney General Opinion O-6044 (1944).

This office does not pass upon disputed matters of fact in its opinion process, but applies the law to the facts given us. Under the facts given here, it is our opinion that the contract is illegal and void. See Bexar County v. Wentworth, 378 S.W.2d 126 (Tex. Civ. App. — San Antonio 1964, writ ref'd n.r.e.); Penal Code § 39.01; V.T.C.S. art. 2340; cf. Attorney General Opinion H-354 (1974).

### S U M M A R Y

Where a county commissioner receives royalties on the sale of rock to a company which in turn sells the rock to the county, the contract for sale of the rock to the county is void.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin
Bruce Youngblood