Robert B. FERGUSON, et al., Appellants,

v.

TANNER DEVELOPMENT COMPANY, et al., Appellees.

No. B14–82–134CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 30, 1983.

David N. Williams, Houston, for appellant.

Jerry L. Schutza, Parks & Moss, Houston, for appellee.

Before PAUL PRESSLER, ROBERT-SON and CANNON.

PAUL PRESSLER, Justice.

This is a suit for damages on a temporary injunction bond.

In 1973 appellees purchased a fifteen acre tract of land in Harris County, Texas. Appellees executed a note for $151,900 payable to American Savings & Loan for the purchase money. Such note was secured by a first lien deed of trust on the property. On November 8, 1973, appellees sold appellants a 10.104 acre tract of land which had been carved out of the original fifteen acre tract. The terms of the sale included a cash down payment of $6,000 and a promissory note for $226,388.77, bearing interest at 9½% per annum. The note was secured by a second lien deed of trust on the property which provided that the maker of the note not be held personally liable and that: "The payee or other holder of this note will not bring or maintain any action or suit for any deficiency for personal judgment on this note against the Maker hereof or his legal representatives, successors or assigns." The note further provided that:

> Included in the principal amount of this note is the sum of $151,900.00 left due and owing upon that one certain promissory note in the original principal amount of $151,900.00, dated November 8, 1973, executed by payee, payable to the order of American Savings & Loan Association of Houston, ... in consideration of the execution and the delivery of this note to payee herein, its successors and assigns, agrees to pay the installments of said $151,900.00 note as same become due and payable. In the event of breach by payee, its successors or assigns to pay the installments of principal and interest due upon the $151,900.00 note, the maker may pay any payments of principal and interest upon the $151,900.00 note, which payee failed to pay, and upon such payment by maker, this note shall be credited with the amount of such payment or payments.

In 1975 appellants defaulted on the note. Appellees posted the property for foreclosure. The foreclosure sale was to occur on September 2, 1975. Prior to the sale, appellants filed suit against appellees claiming the sales transaction in question was usurious. On September 2, appellants obtained a temporary injunction enjoining the foreclosure sale of the property and posted a $10,000 bond.

On February 10, 1976, a trial court found that the sales transaction was not usurious and the temporary injunction was dissolved. A trustee's sale was held on April 6, 1976 at which appellees purchased the property for $1,000, assumed the first lien and paid the outstanding property taxes. The Court of Appeals subsequently reversed the trial court, finding the note usurious. The Texas Supreme Court reversed the Court of Appeals and affirmed the trial court. *Tanner Development Co. v. Ferguson,* 561 S.W.2d 777 (Tex.1977). On July 3, 1978, appellees filed suit against appellants on the temporary injunction bond for damages incurred as a result of its wrongful issuance. Appellees recovered $8,054.17 for interest payments made on the underlying indebtedness and $1,231.19 for taxes paid on the property from September 2, 1975 through April 6, 1976, the period of restraint. It is from this judgment that appellants appeal. We affirm the judgment of the trial court.

The trial court filed findings of fact which stated in pertinent part:

12. From November 8, 1973 to April 6, 1976 the Subject Property did not increase in value.

From September 2, 1975 to April 6, 1976, the Subject Property did not increase in value.

In its conclusions of law the trial court stated that:

1. The above said injunction which was issued at the request of Robert B. Ferguson and Twelve Ferguson Ltd. was wrongfully issued.

2. Because of the injunction, issued at the request of Robert B. Ferguson and Twelve Ferguson Ltd., Tanner Development Company suffered damages in the sum of $9,285.56.

. . . . .

6. Robert B. Ferguson and Twelve Ferguson Ltd. are not entitled to offset the increased value of the subject property, if any, against any damages which were caused by the wrongful issuance of the temporary injunction.

■■■ Appellants bring four points of error. In the first, appellants contend the trial court erred in holding that interest and taxes paid by appellees during the period of restraint were damages when such expenses were incurred to meet their pre-existing obligation to the first lien holder and did not result directly and proximately from issuance of the temporary injunction. We disagree. Appellants' promissory note included the outstanding balance of the debt owed by appellees to the first lien holder. Appellees were using the funds paid to them by appellants to meet this obligation. When appellants defaulted on their note to appellees, appellees attempted to sell the land at a foreclosure sale. When appellants' temporary injunction issued, appellees were forced to make interest payments on the note to the first lien holder to prevent foreclosure while, at the same time, pay taxes which accrued on the property during the period of restraint. Herbert L. Axelrad, a partner in the joint venture of Tanner Development Company, testified that had he been allowed to sell the property on September 2, he would have passed these

expenses to a subsequent buyer. Appellants' contention that appellees would, nonetheless, have been obligated to pay taxes on the property and interest on the underlying debt assumes that appellees would have purchased the property at the September 2 sale. This is mere speculation and is not supported by the record. A person who wrongfully obtains an injunction is liable to the party enjoined for damages caused by the injunction. *Cone v. City of Lubbock*, 431 S.W.2d 639, 646 (Tex.Civ.App.—Amarillo 1968, writ ref'd n.r.e.). *Craddock v. Overstreet*, 435 S.W.2d 607 (Tex.Civ.App.—Tyler 1968, writ ref'd n.r.e.). We find that such damages stemmed directly from the issuance of the wrongful temporary injunction and are recoverable. Appellants' first point of error is overruled.

■■■ In their second and third points of error, appellants contend the trial court's finding that the property in question did not increase in value during the seven month period of restraint is against the great weight and preponderance of the evidence and that the evidence relied on by the court was factually insufficient to support such finding. We disagree. After purchasing the property in question at the foreclosure sale on April 6, 1976, appellees kept the property until May 1981 and sold it for approximately $550,000. The evidence established that the property increased in value on a yearly average of between 17 and 18%. None of the expert witnesses, however, could determine at what point, during that 8.4 year period, the increase occurred. Additionally, none of the expert witnesses had any knowledge of an increase in the value of the property during the seven month period of restraint. Mr. Axelrad, who had been qualified as an expert, testified that in his opinion the property "went down $30,000 in total value during that time." In a trial without a jury, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Upon review of the entire record, we conclude that the trial court's decision was not so contrary to the great weight and preponderance of the evidence

as to be manifestly wrong. *See, In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). Appellants' second and third points of error are overruled.

In their fourth point of error, appellants contend that any increase in the value of the property in question during the period of restraint should be offset against the damages claimed by appellees. The trial court found that the property in question did not increase in value during the period of restraint. Having found support in the record for the trial court's finding, it is unnecessary to address appellants' fourth point of error.

The judgment of the trial court is affirmed.