

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 6, 1984

Honorable Henry Wade
Criminal District Attorney
Dallas County
Services Building
Dallas, Texas   75202

Opinion No. JM- 186

Re:   Competitive   bidding
requirements under article
2367, V.T.C.S.

Dear Mr. Wade:

You have asked whether all competitive bids must have affixed to them the affidavit set out in article 2367, V.T.C.S. If such an affidavit is legally required on a specific type of item or on all bids, you ask whether a bidder may notarize the affidavit after the official bid opening date.

As we understand it, all bids for merchandise, supplies, services and/or equipment received by Dallas County have heretofore contained both the wording and the notarized signature of the bidder. You state, however, that the Dallas County purchasing agent desires, in order to increase competition, to have the requirement of a signature before the notary eliminated, but continue to place the wording of the affidavit, as set out in article 2367, V.T.C.S., on all bids documents.

It is our opinion that article 2367, V.T.C.S., imposes a mandatory duty upon a bidder to affix to his bid a signed and notarized affidavit as specified within the article. We conclude, however, that this article applies only to bids submitted to the commissioners court for the printing and stationery supplies enumerated within article 2358, V.T.C.S., and is not legally required for all bids involving other types of supplies and/or materials. It is further our opinion that when such an affidavit is mandated under article 2367, V.T.C.S., it must be affixed to the bid when submitted and may not be notarized after the official bid opening date.

Article 2367, V.T.C.S., reads as follows:

> The manager, secretary or other agent or officer of the bidder shall attach to each bid an affidavit to the effect that affiant has full knowledge of the relations of the bidder with the other firms in the same line of business and that the bidder is not a member of any trust, pool or

> combination of any kind and has not been for six
> months last past, directly or indirectly concerned
> in any pool or agreement or combination to control
> the price of supplies bid on, or to influence any
> person to bid or not to bid thereon. (Emphasis
> added).

The article clearly imposes upon a bidder, acting through an appropriate officer or agent, a duty to attach "to each bid" an affidavit designed to disclose the affiant's full knowledge of the bidder's relations "with the other firms in the same line of business." The affiant must legally affirm that the bidder is not involved in "any trust, pool or combination" with the other suppliers and that he has not, within the prescribed period, entered into "any pool or agreement or combination" for the purpose of controlling "the price of supplies bid on" or in order "to influence any person" to bid or refrain from bidding. V.T.C.S. art. 2367.

The obvious intent of article 2367 is to ensure that all bidders will have an opportunity to bid on equal terms and will have their bids judged according to the same standards; this is a fundamental tenet of the competitive bidding process. Accord Texas Highway Commission v. Texas Association of Steel Importers, 372 S.W.2d 525 (Tex. 1963). See also Attorney General Opinions MW-449, MW-440 (1982); MW-299 (1981); H-24 (1973).

Article 2367 is merely one of the provisions of a 1907 act enacted as an emergency measure for the specific purpose of regulating the purchases of stationery supplies by the county. Acts 1907, 30th Leg., ch. 136, at 252 [hereinafter referred to as the 1907 Act]. This enactment, codifying articles 2358 through 2367, V.T.C.S., deals specifically with the authority of the commissioners court to contract on behalf of the county for specific supplies and prescribes the manner in which bids thereon must be solicited and accepted. Attorney General Opinions O-1597, O-244 (1939).

We are aware that a number of statutes, overlapping in some cases, relate to the bidding requirements applicable to supplies purchased by the county. See, e.g., V.T.C.S. arts. 1658 (bids for supplies of stationery, books, blanks, records and other supplies); 1659 (bids for supplies of every kind); 1659a (bids for supplies in counties of 900,000 or more); 2368a (bidding procedures for purchases of supplies in the amount of $5,000 or more applicable to all counties). See generally Attorney General Opinions MW-439 (1982); MW-296 (1981); H-1219 (1978).

The statutes cited above mandate, in general, that all purchases of supplies for the use of the county made by the commissioners court must be awarded on the basis of competitive bidding requirements imposed by applicable statutory language. See Attorney General

Opinion MW-299 (1981). A failure to engage in competitive bidding is grounds for holding a commissioners court purchase contract invalid. See V.T.C.S. art. 2368a, §2(d); Kelly v. Cochran, 82 S.W.2d 641 (Tex. 1935); Attorney General Opinion MW-449 (1982). See also V.T.C.S. arts. 1659, 1659a and 1659b.

It is apparent that the 1907 Act, governing contracts made by the commissioners court for the purchases of the expressly enumerated items, see V.T.C.S. art. 2362, is a specific enactment intended to be effective in regard to these enumerated supplies. One of the rules of statutory construction is that the express enumeration of particular persons or things is tantamount to an express exclusion of all others. Ex parte McIver, 586 S.W.2d 351 (Tex. Crim. App. 1979).

In view of the foregoing, we conclude that the affidavit set out in article 2367, V.T.C.S., must be attached to bids submitted to the commmissioners court for printing and stationery supplies governed by the provisions of articles 2358 through 2367, V.T.C.S. It is not legally required for bids on supplies not included within these specific bidding statutes.

In response to your second question, we believe that when an affidavit is legally required, it must be attached to the bid when the bid is submitted and may not be notarized subsequent to the official bid opening.

An instrument not sworn to and properly notarized attached to a bid will not constitute "an affidavit." Gordon v. State, 16 S.W. 337 (Tex. Crim. App. 1891). Yet compliance with the terms of the bidding statutes is required in order to create a valid contract. Accord Attorney General Opinions MW-449 (1982); MW-296 (1981). The only exceptions to such requirements are those contained in the statutes themselves. See Limestone County v. Knox, 234 S.W. 131 (Tex. Civ. App. - Dallas 1921, no writ). We are aware of no exception applicable to article 2367. Furthermore, in view of the possible criminal penalty which may be imposed on an affiant making a false statement and since an affidavit is legally binding on the affiant, the legislative choice of words mandating that "an affidavit" be affixed "to each bid" indicates that the legislature intended for the document to be signed and notarized at the time the bid is offered. We therefore conclude that such an affidavit should not be notarized after the official bid opening date.

## S U M M A R Y

Article 2367, V.T.C.S., requires an affidavit to be affixed to each bid submitted to the commissioners court on bids for stationery and printing supplies used by the county. When legally required for the specific type of

supplies, governed under provisions of articles
2358 through 2367, V.T.C.S., the affidavit must be
signed by the affiant under oath and notarized by
an officer authorized to administer oaths.  It may
not be notarized subsequent to the official bid
opening date.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Georgette Bethlen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Georgette Bethlen
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton