I.P. FARMS, et al., Appellants,

v.

EXXON PIPELINE COMPANY, Appellee.

No. 01–82–0323–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 16, 1982.

Richard McElya, Angleton, for appellants.

Joseph Patterson, Angleton, for appellee.

Before EVANS, C.J., and DUGGAN and BASS, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a summary judgment entered in favor of Exxon Pipeline Company, enjoining the defendants from interfering with a preliminary survey of a pipeline right-of-way and denying the defendants relief on cross-action for damages based upon the alleged wrongful issuance of a temporary restraining order. The judgment is affirmed.

In a single point of error the defendants contend that the trial court erred in granting the plaintiff's motion for summary judgment. The defendants contend that because the court recited in its judgment that the restraining order failed to comply

with the Rules of Civil Procedure, the restraining order was wrongfully issued, and therefore, Exxon was responsible for damages. Thus, the defendants argue that the affidavits, depositions, and pleadings reflect a genuine issue of material fact regarding the issue of defendants' actual damages.

The defendants' response to the plaintiff's motion for summary judgment asserts only that the depositions on file and other exhibits "effectively illustrate the presence of contested material fact requiring ultimate determination by jury". This response does not present any issue to the trial court which would preclude the entry of a summary judgment for the plaintiff upon proper summary judgment proof. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). We will, however, consider the point of error as though an issue had been raised in the trial court.

The summary judgment proof established that Exxon had the power of eminent domain to construct, maintain and operate a common carrier pipeline under the Texas Natural Resources Code Ann. Section 111.002 and Section 111.019 (Vernon 1978). Ancillary to such power was the authority to enter upon the land to make a preliminary survey. *Hicks v. Texas Municipal Power Agency,* 548 S.W.2d 949, 955 (Tex.Civ.App. —Houston [14th Dist.] 1977 writ ref'd, n.r. e.); *Lewis v. Texas Power & Light Co.,* 276 S.W.2d 950 (Tex.Civ.App. Dallas, 1955, writ ref'd, n.r.e.).

An injunction is only wrongful if its issuance was wrongful at its inception or if it was continued in effect due to some wrong on the part of the proponent. *Craddock v. Overstreet,* 435 S.W.2d 607 (Tex.Civ. App.—Tyler 1968 writ ref'd n.r.e.). Unless an injunction has been wrongfully issued, damages, except to property, are precluded as a matter of law.

In the present case, the defendants' damage claim is based on the costs involved in monitoring the survey crew. Defendants' stipulated and the court found that they had suffered no damage to their real

or personal property as a result of the survey. Because defendants' were not wrongfully enjoined and there was no damage done to their property, damages are precluded as a matter of law.

We hold that the summary judgment proof does not raise a genuine issue of material fact which would preclude entry of summary judgment.

The trial court's judgment is affirmed.