# NO. 12-09-00063-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ENERGY TRANSFER FUEL, L.P.,*<br>*APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *CLIFTON BRYAN AND*<br>*CINDY BRYAN,*<br>*APPELLEES* | § | *HENDERSON COUNTY, TEXAS* |

## *OPINION*

In one issue, Appellant, Energy Transfer Fuel, LP ("ETF"), contends that the trial court abused its discretion by failing to release the bond ETF posted after obtaining a temporary restraining order against the Appellees, Clifton Bryan and Cindy Bryan. ETF's complaint pertains to two orders: the trial court's order denying ETF's motion to release the bond and its order denying ETF's motion to reconsider that ruling. We reverse the trial court's orders and remand with instructions.

## BACKGROUND

ETF is a public gas utility and has the right of eminent domain. As a condemning authority, ETF has the right to enter upon property to make preliminary surveys of proposed routes along which its gas pipelines may be constructed. ETF requested permission to enter the Bryans' property to conduct surveying activities in connection with a proposed pipeline route, but was refused entry. Thereafter, on July 23, 2008, ETF petitioned the court for a temporary restraining order ("TRO") as well as a temporary injunction and a permanent injunction against the Bryans. On the same day, the trial court signed an order granting a TRO prohibiting the Bryans from interfering or attempting to interfere with ETF's right to enter and survey the route of its pipeline across the Bryans' property. As a condition of issuing the TRO, the trial court ordered

ETF to post a $25,000 bond. The order also set a hearing for July 31, 2008, "to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits." ETF deposited $25,000 cash in lieu of a bond, which was approved by the Henderson County District Clerk.

After obtaining the TRO, ETF immediately began its surveying activities on the Bryans' property and completed its work on July 29, 2008. The following events then occurred in the trial court:

- ***July 29, 2008***
  ETF filed a notice of nonsuit, and sent the Bryans notice of the filing.

- ***July 31, 2008***
  ETF filed a motion requesting the return of its $25,000 cash bond.

- ***August 11, 2008***
  The trial court denied ETF's motion requesting the return of its cash bond.

- ***August 28, 2008***
  ETF filed a motion requesting the trial court to reconsider its refusal to release the bond.

- ***September 4, 2008***
  Counsel for ETF and counsel for the Bryans appeared for a hearing on ETF's motion to reconsider. Counsel for the Bryans requested additional time to prepare, and the hearing was reset for September 10, 2008.

- ***September 10, 2008***
  The trial court conducted a hearing on ETF's motion to reconsider. Counsel for ETF, counsel for the Bryans, and Clifton Bryan were present. Counsel for ETF presented oral argument, and the trial court ruled from the bench that ETF's motion to reconsider was denied.

- ***September 11, 2008***
  The Bryans filed an original answer and a counterclaim seeking damages from ETF.

- ***November 17, 2008***
  The trial court signed an order denying ETF's motion to reconsider.

- ***December 29, 2008***
  ETF filed a petition for writ of mandamus in this court requesting an order directing the trial court to (1) release ETF's bond, (2) issue an order of nonsuit, and (3) dismiss the Bryans' counterclaim for lack of subject matter jurisdiction.

- *February 3, 2009*
  The trial court signed an order dismissing "[the] cause," but did not release the bond.

- *March 3, 2009*
  ETF filed a notice of appeal complaining of the trial court's failure to release the bond.

The trial court's dismissal order rendered ETF's petition for writ of mandamus moot except as to ETF's complaint about the trial court's failure to release the bond. We denied mandamus relief after concluding that appeal was an adequate remedy for ETF to challenge the trial court's rulings on the bond. *See In re Energy Transfer Fuel, L.P.*, 298 S.W.3d 348, 352 (Tex. App.–Tyler 2009, orig. proceeding). Specifically, we concluded that the order denying ETF's motion to release the bond and the order denying ETF's motion to reconsider that ruling merged into the final order dismissing the case and were appealable. *See Webb v. Jorns*, 488 S.W.2d 407, 408-09 (Tex. 1973) (interlocutory order merges into final judgment and becomes final for purposes of appeal); *Douglas v. Am. Title Co.*, 196 S.W.3d 876, 877, 879 n.6 (Tex. App.–Houston [1st Dist.] 2006, no pet.) (vexatious litigant order merged into final judgment and was appealable even though final judgment not appealed). ETF now appeals from those orders.[1]

## FAILURE TO RELEASE THE BOND

ETF contends that, in light of its nonsuit and the subsequent order dismissing the underlying proceeding, the trial court was required to release the $25,000 cash bond. The Bryans have not filed a brief.

**Standard of Review**

ETF states in its brief that the trial court's orders are reviewable for abuse of discretion. We have not located any authority prescribing the standard of review for the precise issue presented here. But typically, the abuse of discretion standard is applied to procedural or other trial management determinations. *In re Doe*, 19 S.W.3d 249, 253

---

[1] At ETF's request, we have taken judicial notice of our file in appellate cause number 12-08-00500-CV. *See, e.g., Tello v. Bank One, N.A.*, 218 S.W.3d 109, 113 n.4 (Tex. App.–Houston [14th Dist.] 2007, no pet.) (appellate court took judicial notice of pertinent pleadings included in appellate record for another appeal in same trial court case).

(Tex. 2000). Consequently, we will review the appealed orders for an abuse of discretion. *See id*.

A trial court commits an abuse of discretion when it acts "without reference to any guiding rules and principles." ***Downer v. Aquamarine Operators, Inc.***, 701 S.W.2d 238, 241-42 (Tex. 1985). The "mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion occurred." ***Id***. at 242. A trial court has no discretion in determining what the law is, which law governs, or how to apply the law. ***Univ. of Tex. Health Sci. Ctr. v. Gutierrez***, 237 S.W.3d 869, 871 n.1 (Tex. App.–Houston [1st Dist.] 2007, pet. denied). To the extent that an issue turns on a question of law, the standard of review is the same "regardless of whether it is described as abuse of discretion or *de novo*." ***Id***.

## Applicable Law

In the order granting any TRO, the court must fix the amount of security to be given by the applicant. TEX. R. CIV. P. 684.[2] Before the issuance of the TRO, the applicant must execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge. ***Id***. The bond must be conditioned that the applicant will abide the decision made in the cause, and will pay all sums adjudged against it if the TRO is dissolved, either in whole or in part. ***Id***. The applicant may instead deposit cash in lieu of filing the bond. *See* TEX. R. CIV. P. 14c.

A plaintiff may take a nonsuit at any time before it has introduced all of its evidence other than rebuttal evidence. TEX. R. CIV. P. 162. In a bench trial, a plaintiff can take a nonsuit at any time before the decision in the case is announced. *See **Hyundai Motor Co. v. Alvarado***, 892 S.W.2d 853, 855 (Tex. 1995) (stating that "[o]nce a judge announces a decision that adjudicates a claim, that claim is no longer subject to the plaintiff's right to nonsuit"). A plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief. ***BHP Petroleum Co. v. Millard***, 800 S.W.2d 838, 840-41 (Tex. 1990). A nonsuit may be taken

---

[2] Rule 684 also applies to temporary injunctions. Therefore, in our analysis, we cite authority relating to TROs and also authority relating to temporary injunctions.

after a temporary restraining order has been obtained but before the hearing on the temporary injunction. *See Payne v. Nichols*, 176 S.W.2d 961, 963-64 (Tex. Civ. App.–Galveston 1943, writ ref'd w.o.m.) (holding that nonsuit may be taken after temporary injunction obtained but before hearing on permanent injunction, even where suit had been pending for two years and nonsuit was taken when case came up for trial) (interpreting and applying predecessors to rules 162 and 684). But the nonsuit does not defeat the right of a restrained party who is damaged by the temporary restraining order to sue for wrongful injunction. *See id*. at 963.

It has long been established that a party who wrongfully obtains injunctive restraint against another is liable for damages caused by the issuance of the injunction. *See Parks v. O'Connor*, 70 Tex. 377, 388, 8 S.W.104, 107 (1888). An injunction is wrongful if its issuance was wrongful at its inception or if it was continued in effect due to some wrong on the part of the proponent. *I.P. Farms v. Exxon Pipeline Co.*, 646 S.W.2d 544, 545 (Tex. App.–Houston [1st Dist.] 1982, no writ); *Craddock v. Overstreet*, 435 S.W.2d 607, 609 (Tex. Civ. App.–Tyler 1968, writ ref'd n.r.e.). Texas recognizes two separate causes of action for wrongful injunction, one upon the bond ordinarily filed to obtain the TRO or injunction, and the other for malicious prosecution. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 685 (Tex. 990). The two actions differ in the kind of wrong that must be shown to establish liability and in the amount of recovery. *Id.* A claim for wrongful injunction can be predicated upon the wrongful issuance of a TRO. *Id*. at 685-86.

A cause of action upon an injunction bond is predicated upon a breach of the condition of the bond. *Id*. at 685. As pertinent to the case at hand, the claimant must prove that the TRO was issued when it should not have been, and that it was later dissolved. *Id*. at 685-86. The claimant need not prove that the TRO was obtained maliciously or without probable cause. *Id*. at 686. The purpose of the bond is to protect the defendant from the harm he may sustain as a result of temporary relief granted upon the reduced showing required of the injunction plaintiff, pending full consideration of all issues. *Id*. The damages under this claim are limited by the amount of the bond. *Id*.

A cause of action for malicious prosecution requires the claimant prove the injunction suit was prosecuted maliciously and without probable cause, and was

5

terminated in his favor. *Id*. In this instance, the injunction defendant recovers the full amount of his damages. *Id*.

Under either cause of action, the claimant must prove that issuance of the TRO resulted in damages. *Id*. Unless the TRO was wrongfully issued, damages, except to property, are precluded as a matter of law. *See I.P. Farms*, 646 S.W.2d at 545. But the claimant "cannot recover for having been prohibited from doing something which he had no right to do." *DeSantis*, 793 S.W.2d at 686; *see also Beathard Joint Venture v. W. Houston Airport Corp*., 72 S.W.3d 426, 435 (Tex. App.–Texarkana 2002, no pet.) (injunction not wrongfully issued where airport's efforts to obtain injunction were based on an assertion of its own legal rights not to have Beathard or Beathard's tenants trespass on airport facilities).

**Application**

Here, the trial court denied ETF's motion to release its bond. ETF filed a motion for reconsideration of that ruling, and the trial court conducted a hearing on the motion. At the hearing, the court agreed with ETF that it had a right to take a nonsuit, but expressed concern that ETF did so before the restrained parties' answer date and before the temporary injunction hearing set for July 31.

ETF's counsel briefly recounted the procedural history of the case, and asserted that ETF was required to dismiss its suit when its surveying activities were completed to avoid wrongfully prolonging the TRO. Counsel then argued that if the restrained parties believed their property had been harmed, they had the right to "come back and seek property damages from [ETF] at any time." Counsel further offered to present testimony regarding the propriety of obtaining the TRO, but the trial court did not allow the testimony.

The trial court responded that the restrained parties still had a right to bring an action on the propriety of the TRO, and that if the bond were released, they could not sue on the bond. The court cited that outcome as the reason it refused to release the bond. ETF's counsel pointed out that the Bryans had not filed "anything" even though they were present at the hearing. When asked by ETF's counsel whether the bond would be held indefinitely, the court responded that it would "until there is some either disposition or loss of [the restrained parties'] right to sue on the TRO." Counsel stated that she

6

presumed the statute of limitations for any action on the TRO would be two years, and asked whether the court intended to hold the bond for two years. The court did not specifically answer counsel's inquiry. Counsel for the Bryans did not present any argument or otherwise respond to ETF's motion to reconsider or its counsel's argument in support of the motion.

Initially, we note that we have located no authority supporting the retention, after final judgment, of a bond posted as a condition to the issuance of a TRO. *See Lovall v. Yen*, No. 14-07-00770-CV, 2008 WL 361373, at *2 (Tex. App.–Houston [14th Dist.] Feb. 12, 2008, no pet.) (mem. op.) (stating that bond disbursement order is merely a ministerial act incident to final judgment). Even assuming, however, that the bond could be retained after final judgment under special circumstances, no such circumstances are present here.

As ETF points out, the Bryans did not appear and move for dissolution or modification of the TRO. *See* TEX. R. CIV. P. 680 ("On two days' notice to the party who obtained the [TRO] without notice or on such shorter notice to that party as the court may prescribe, the adverse party may appear and move its dissolution or modification . . . .").[3] Moreover, they did not (1) plead a claim for affirmative relief prior to ETF's nonsuit, (2) file a response to ETF's motion for release of the bond, (3) object to the release of the bond at the September 10, 2008, hearing, (4) inform the court that they intended to assert a wrongful injunction claim against ETF; or (5) otherwise provide the trial court with any argument or authority in opposition to ETF's motion for reconsideration.[4] In other words, the Bryans did nothing to show that they objected to the release of ETF's bond or would be adversely affected by its release.

---

[3] We do not suggest that recovery of damages for wrongful injunction is foreclosed if the restrained party does not avail itself of this procedure. *See Lindsey v. Hart*, 260 S.W. 286, 289 (Tex. Civ. App.–Beaumont 1924), *modified on other grounds*, 276 S.W. 199 (Tex. Comm'n App. 1925, jdgmt. adopted) (holding that enjoined party is not estopped to claim damages by failing to sooner move to dissolve the injunction).

[4] As we noted in our Background section, the Bryans filed a counterclaim the next day after the hearing on ETF's motion for reconsideration of the trial court's order denying release of the bond. The counterclaim was untimely filed, and therefore did not prevent ETF's nonsuit. We note, however, that the Bryans did not allege in their counterclaim that the TRO was wrongfully granted. Instead, they alleged generally that ETF "went beyond the limits of the rights, if any, to which [ETF] was entitled under the terms of the [TRO] . . . and committed acts and omissions . . . [it] had no right to commit and that . . . caused substantial damages to [the Bryans'] property which was the subject of the above mentioned [TRO]."

7

In light of the Bryans' inaction resulting in an absence of pleadings or objections in opposition to ETF's motion to release its bond and its motion to reconsider the trial court's ruling, we hold that the trial court abused its discretion in denying the motions. *See **Goodin v. Jolliff***, 257 S.W.3d 341, 353 (Tex. App.–Fort Worth 2008, no pet.) (error to release bond to enjoined party in absence of pleading or proof that she was damaged by issuance of temporary injunction); ***Am. Jet Charter, Inc. v. Cobbs***, 184 S.W.3d 369, 377 (Tex. App.–Dallas 2006, no pet.) (trial court did not err in denying posttrial request to reinstate injunction bond where enjoined party did not object to prejudgment release of bond). Accordingly, we reverse the trial court's orders denying ETF's motion to release its bond and denying ETF's motion for reconsideration of the order denying release of the bond, and remand with instructions to the trial court to order release of the bond to ETF.

<u>**SAM GRIFFITH**</u>
Justice

Opinion delivered August 31, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8