NO









NO. 12-09-00063-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

ENERGY TRANSFER FUEL, L.P.,                '     APPEAL
FROM THE 173RD

APPELLANT

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

CLIFTON BRYAN AND 

CINDY BRYAN,                                                 '     HENDERSON
COUNTY, TEXAS

APPELLEES

 





OPINION

            In
one issue, Appellant, Energy Transfer Fuel, LP (“ETF”), contends that the trial
court abused its discretion by failing to release the bond ETF posted after
obtaining a temporary restraining order against the Appellees, Clifton Bryan and
Cindy Bryan.  ETF’s complaint pertains to two orders:  the trial court’s order
denying ETF’s motion to release the bond and its order denying ETF’s motion to
reconsider that ruling.  We reverse the trial court’s orders and remand with
instructions. 

 

                                                               Background

            ETF
is a public gas utility and has the right of eminent domain.  As a condemning
authority, ETF has the right to enter upon property to make preliminary surveys
of proposed routes along which its gas pipelines may be constructed.  ETF
requested permission to enter the Bryans’ property to conduct surveying
activities in connection with a proposed pipeline route, but was refused
entry.  Thereafter, on July 23, 2008, ETF petitioned the court for a temporary
restraining order (“TRO”) as well as a temporary injunction and a permanent
injunction against the Bryans.  On the same day, the trial court signed an
order granting a TRO prohibiting the Bryans from interfering or attempting to
interfere with ETF’s right to enter and survey the route of its pipeline across
the Bryans’ property.  As a condition of issuing the TRO, the trial court
ordered ETF to post a $25,000 bond.  The order also set a hearing for July 31,
2008, “to determine whether this temporary restraining order should be made a
temporary injunction pending a full trial on the merits.”  ETF deposited
$25,000 cash in lieu of a bond, which was approved by the Henderson County
District Clerk.  

            After
obtaining the TRO, ETF immediately began its surveying activities on the
Bryans’ property and completed its work on July 29, 2008.  The following events
then occurred in the trial court: 


 July 29, 2008


ETF filed a
notice of nonsuit, and sent the Bryans notice of the filing.

 


 July 31, 2008


ETF filed a
motion requesting the return of its $25,000 cash bond.

 


 August 11, 2008


The trial court
denied ETF’s motion requesting the return of its cash bond.

 


 August 28, 2008


ETF filed a
motion requesting the trial court to reconsider its refusal to release the
bond.

 


 September 4, 2008


Counsel for ETF
and counsel for the Bryans appeared for a hearing on ETF’s motion to
reconsider.  Counsel for the Bryans requested additional time to prepare, and
the hearing was reset for September 10, 2008.

 


 September 10, 2008


The trial court
conducted a hearing on ETF’s motion to reconsider.  Counsel for ETF, counsel
for the Bryans, and Clifton Bryan were present.  Counsel for ETF presented oral
argument, and the trial court ruled from the bench that ETF’s motion to
reconsider was denied.

 


 September 11, 2008


The Bryans filed
an original answer and a counterclaim seeking damages from ETF.

 


 November 17, 2008


The trial court
signed an order denying ETF’s motion to reconsider.

 


 December 29, 2008


ETF filed a
petition for writ of mandamus in this court requesting an order directing the
trial court to (1) release ETF’s bond, (2) issue an order of nonsuit, and (3)
dismiss the Bryans’ counterclaim for lack of subject matter jurisdiction.

 

 


 February 3, 2009


The trial court
signed an order dismissing “[the] cause,” but did not release the bond.

 


 March 3, 2009


ETF filed a
notice of appeal complaining of the trial court’s failure to release the bond.

 

            The
trial court’s dismissal order rendered ETF’s petition for writ of mandamus moot
except as to ETF’s complaint about the trial court’s failure to release the
bond.  We denied mandamus relief after concluding that appeal was an adequate
remedy for ETF to challenge the trial court’s rulings on the bond.  See In
re Energy Transfer Fuel, L.P., 298 S.W.3d 348, 352 (Tex. App.–Tyler
2009, orig. proceeding).  Specifically, we concluded that the order denying
ETF’s motion to release the bond and the order denying ETF’s motion to
reconsider that ruling merged into the final order dismissing the case and were
appealable.  See Webb v. Jorns, 488 S.W.2d 407, 408-09 (Tex. 1973)
(interlocutory order merges into final judgment and becomes final for purposes
of appeal); Douglas v. Am. Title Co., 196 S.W.3d 876, 877, 879
n.6 (Tex. App.–Houston [1st Dist.] 2006, no pet.) (vexatious litigant order
merged into final judgment and was appealable even though final judgment not
appealed).  ETF now appeals from those orders.[1] 


 

Failure to Release the Bond

            ETF
contends that, in light of its nonsuit and the subsequent order dismissing the
underlying proceeding, the trial court was required to release the $25,000 cash
bond.  The Bryans have not filed a brief.

Standard
of Review

            ETF
states in its brief that the trial court’s orders are reviewable for abuse of
discretion.  We have not located any authority prescribing the standard of
review for the precise issue presented here.  But typically, the abuse of
discretion standard is applied to procedural or other trial management
determinations.  In re Doe, 19 S.W.3d 249, 253 (Tex. 2000). 
Consequently, we will review the appealed orders for an abuse of discretion.  See
id.

            A
trial court commits an abuse of discretion when it acts “without reference to
any guiding rules and principles.”  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985).  The “mere fact that a trial judge may
decide a matter within his discretionary authority in a different manner than
an appellate judge in a similar circumstance does not demonstrate that an abuse
of discretion occurred.”  Id. at 242.  A trial court has no
discretion in determining what the law is, which law governs, or how to apply
the law.  Univ. of Tex. Health Sci. Ctr. v. Gutierrez, 237 S.W.3d
869, 871 n.1 (Tex. App.–Houston [1st Dist.] 2007, pet. denied).   To the extent
that an issue turns on a question of law, the standard of review is the same
“regardless of whether it is described as abuse of discretion or de novo.” 
Id.

Applicable
Law 

            In
the order granting any TRO, the court must fix the amount of security to be
given by the applicant.  Tex. R. Civ. P.
684.[2] 
Before the issuance of the TRO, the applicant must execute and file with the
clerk a bond to the adverse party, with two or more good and sufficient
sureties, to be approved by the clerk, in the sum fixed by the judge.  Id. 
The bond must be conditioned that the applicant will abide the decision made in
the cause, and will pay all sums adjudged against it if the TRO is dissolved,
either in whole or in part.  Id.  The applicant may instead
deposit cash in lieu of filing the bond.  See Tex. R. Civ. P. 14c.  

            A
plaintiff may take a nonsuit at any time before it has introduced all of its
evidence other than rebuttal evidence.  Tex.
R. Civ. P. 162.  In a bench trial, a plaintiff can take a nonsuit at any
time before the decision in the case is announced.  See Hyundai Motor Co.
v. Alvarado, 892 S.W.2d 853, 855 (Tex. 1995) (stating that “[o]nce a
judge announces a decision that adjudicates a claim, that claim is no longer
subject to the plaintiff’s right to nonsuit”).  A plaintiff’s right to take a
nonsuit is unqualified and absolute as long as the defendant has not made a
claim for affirmative relief.  BHP Petroleum Co. v. Millard, 800
S.W.2d 838, 840-41 (Tex. 1990).  A nonsuit may be taken after a temporary
restraining order has been obtained but before the hearing on the temporary
injunction.  See Payne v. Nichols, 176 S.W.2d 961, 963-64
(Tex. Civ. App.–Galveston 1943, writ ref’d w.o.m.) (holding that nonsuit may be
taken after temporary injunction obtained but before hearing on permanent
injunction, even where suit had been pending for two years and nonsuit was
taken when case came up for trial) (interpreting and applying predecessors to
rules 162 and 684).  But the nonsuit does not defeat the right of a restrained
party who is damaged by the temporary restraining order to sue for wrongful
injunction.  See id. at 963. 

            It
has long been established that a party who wrongfully obtains injunctive
restraint against another is liable for damages caused by the issuance of the
injunction.  See Parks v. O’Connor, 70 Tex. 377, 388, 8
S.W.104, 107 (1888).  An injunction is wrongful if its issuance was wrongful at
its inception or if it was continued in effect due to some wrong on the part of
the proponent.  I.P. Farms v. Exxon Pipeline Co., 646 S.W.2d 544,
545 (Tex. App.–Houston [1st Dist.] 1982, no writ); Craddock v. Overstreet,
435 S.W.2d 607, 609 (Tex. Civ. App.–Tyler 1968, writ ref’d n.r.e.).  Texas
recognizes two separate causes of action for wrongful injunction, one upon the
bond ordinarily filed to obtain the TRO or injunction, and the other for
malicious prosecution.  DeSantis v. Wackenhut Corp., 793 S.W.2d
670, 685 (Tex. 990).  The two actions differ in the kind of wrong that must be
shown to establish liability and in the amount of recovery.  Id. 
A claim for wrongful injunction can be predicated upon the wrongful issuance of
a TRO.  Id. at 685-86.

            A
cause of action upon an injunction bond is predicated upon a breach of the
condition of the bond.  Id. at 685.  As pertinent to the case at
hand, the claimant must prove that the TRO was issued when it should not have
been, and that it was later dissolved.  Id. at 685-86.  The
claimant need not prove that the TRO was obtained maliciously or without
probable cause.  Id. at 686.  The purpose of the bond is to
protect the defendant from the harm he may sustain as a result of temporary
relief granted upon the reduced showing required of the injunction plaintiff,
pending full consideration of all issues.  Id.  The damages under
this claim are limited by the amount of the bond.  Id.  

            A cause
of action for malicious prosecution requires the claimant prove the injunction
suit was prosecuted maliciously and without probable cause, and was terminated
in his favor.  Id.  In this instance, the injunction defendant
recovers the full amount of his damages.  Id.  

            Under
either cause of action, the claimant must prove that issuance of the TRO
resulted in damages.  Id.  Unless the TRO was wrongfully issued,
damages, except to property, are precluded as a matter of law.  See I.P.
Farms, 646 S.W.2d at 545.  But the claimant “cannot
recover for having been prohibited from doing something which he had no right
to do.”  DeSantis, 793 S.W.2d at 686; see also Beathard
Joint Venture v. W. Houston Airport Corp., 72 S.W.3d 426, 435 (Tex.
App.–Texarkana 2002, no pet.) (injunction not wrongfully issued where airport’s
efforts to obtain injunction were based on an assertion of its own legal rights
not to have Beathard or Beathard’s tenants trespass on airport facilities). 

Application

              Here,
the trial court denied ETF’s motion to release its bond.  ETF filed a motion
for reconsideration of that ruling, and the trial court conducted a hearing on
the motion.  At the hearing, the court agreed with ETF that it had a right to
take a nonsuit, but expressed concern that ETF did so before the restrained
parties’ answer date and before the temporary injunction hearing set for July
31. 

            ETF’s
counsel briefly recounted the procedural history of the case, and asserted that
ETF was required to dismiss its suit when its surveying activities were
completed to avoid wrongfully prolonging the TRO.  Counsel then argued that if
the restrained parties believed their property had been harmed, they had the
right to “come back and seek property damages from [ETF] at any time.”  Counsel
further offered to present testimony regarding the propriety of obtaining the
TRO, but the trial court did not allow the testimony.

            The
trial court responded that the restrained parties still had a right to bring an
action on the propriety of the TRO, and that if the bond were released, they
could not sue on the bond.  The court cited that outcome as the reason it
refused to release the bond.  ETF’s counsel pointed out that the Bryans had not
filed “anything” even though they were present at the hearing.  When asked by
ETF’s counsel whether the bond would be held indefinitely, the court responded
that it would “until there is some either disposition or loss of [the
restrained parties’] right to sue on the TRO.”  Counsel stated that she
presumed the statute of limitations for any action on the TRO would be two
years, and asked whether the court intended to hold the bond for two years. 
The court did not specifically answer counsel’s inquiry.  Counsel for the
Bryans did not present any argument or otherwise respond to ETF’s motion to
reconsider or its counsel’s argument in support of the motion.

            Initially,
we note that we have located no authority supporting the retention, after final
judgment, of a bond posted as a condition to the issuance of a TRO.  See
Lovall v. Yen, No. 14-07-00770-CV, 2008 WL 361373, at *2 (Tex.
App.–Houston [14th Dist.] Feb. 12, 2008, no pet.) (mem. op.) (stating that bond
disbursement order is merely a ministerial act incident to final judgment).  
Even assuming, however, that the bond could be retained after final judgment
under special circumstances, no such circumstances are present here. 

            As
ETF points out, the Bryans did not appear and move for dissolution or
modification of the TRO.  See Tex.
R. Civ. P. 680 (“On two days’ notice to the party who obtained the [TRO]
without notice or on such shorter notice to that party as the court may
prescribe, the adverse party may appear and move its dissolution or
modification . . . .”).[3] 
Moreover, they did not (1) plead a claim for affirmative relief prior to ETF’s
nonsuit, (2) file a response to ETF’s motion for release of the bond, (3)
object to the release of the bond at the September 10, 2008, hearing, (4)
inform the court that they intended to assert a wrongful injunction claim
against ETF; or (5) otherwise provide the trial court with any argument or
authority in opposition to ETF’s motion for reconsideration.[4] 
In other words, the Bryans did nothing to show that they objected to the
release of ETF’s bond or would be adversely affected by its release.

            In
light of the Bryans’ inaction resulting in an absence of pleadings or
objections in opposition to ETF’s motion to release its bond and its motion to
reconsider the trial court’s ruling, we hold that the trial court abused its
discretion in denying the motions.  See Goodin v. Jolliff, 257
S.W.3d 341, 353 (Tex. App.–Fort Worth 2008, no pet.) (error to release bond to
enjoined party in absence of pleading or proof that she was damaged by issuance
of temporary injunction); Am. Jet Charter, Inc. v. Cobbs, 184
S.W.3d 369, 377 (Tex. App.–Dallas 2006, no pet.) (trial court did not err in
denying posttrial request to reinstate injunction bond where enjoined party did
not object to prejudgment release of bond).  Accordingly, we reverse the trial
court’s orders denying ETF’s motion to release its bond and denying ETF’s
motion for reconsideration of the order denying release of the bond, and remand
with instructions to the trial court to order release of the bond to ETF. 

 

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

Opinion delivered August 31, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)









[1] 
At ETF’s request, we have taken judicial notice
of our file in appellate cause number 12-08-00500-CV.  See, e.g., Tello
v. Bank One, N.A., 218 S.W.3d 109, 113 n.4 (Tex. App.–Houston [14th
Dist.] 2007, no pet.) (appellate court took judicial notice of pertinent
pleadings included in appellate record for another appeal in same trial court
case).





[2] 
Rule 684 also applies to temporary injunctions. 
Therefore, in our analysis, we cite authority relating to TROs and also
authority relating to temporary injunctions.





[3]
We do not suggest that recovery of damages for
wrongful injunction is foreclosed if the restrained party does not avail itself
of this procedure.  See Lindsey v. Hart, 260 S.W. 286, 289 (Tex.
Civ. App.–Beaumont 1924), modified on other grounds, 276 S.W. 199 (Tex.
Comm’n App. 1925, jdgmt. adopted) (holding that enjoined party is not estopped
to claim damages by failing to sooner move to dissolve the injunction).

 





[4] 
As we noted in our Background section, the
Bryans filed a counterclaim the next day after the hearing on ETF’s motion for
reconsideration of the trial court’s order denying release of the bond.  The
counterclaim was untimely filed, and therefore did not prevent ETF’s nonsuit. 
We note, however, that the Bryans did not allege in their counterclaim that the
TRO was wrongfully granted.  Instead, they alleged generally that ETF “went
beyond the limits of the rights, if any, to which [ETF] was entitled under the
terms of the [TRO] . . . and committed acts and omissions . . . [it] had no
right to commit and that . . . caused substantial damages to [the Bryans’]
property which was the subject of the above mentioned [TRO].”