ACCEPTED
03-14-00671-CV
4835287
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/9/2015 5:47:12 PM
JEFFREY D. KYLE
CLERK

# No. 03-14-00671-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/9/2015 5:47:12 PM
JEFFREY D. KYLE
Clerk

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

**STEPHEN M. DANIELS,**
**Appellant,**

**v.**

**TONY R. BERTOLINO,**
**Appellee.**

On Appeal from the 250th Judicial District Court of Travis County, Texas
Trial Court Cause No. D-1-GN-14-002146

## MOTION FOR SANCTIONS AGAINST
## ELEANOR RUFFNER AND STEPHEN M. DANIELS

**Tony R. Bertolino**
**Texas Bar No. 24038766**
**Hiba Kazim**
**Texas Bar No. 24076952**
**BERTOLINO LLP**
**823 Congress Ave.**
**Suite 704**
**Austin, Texas 78701**
**Tel: (512) 476 5757**
**Fax: (512) 476 5758**
**Email: info@belolaw.com**

**COUNSEL FOR APPELLEE**

TO THE HONORABLE THIRD COURT OF APPEALS IN AUSTIN, TEXAS:

Appellee, Tony R. Bertolino ("Appellee"), files this Motion for Sanctions Against Eleanor Ruffner ("Appellant's Attorney") and Stephen M. Daniels ("Appellant") pursuant to Tex. R. App. P. 10.1 and 45.

If sanctions are <u>ever</u> appropriate, this is such a case.

## I. SUMMARY OF ARGUMENT

1. Appellant's actions amount to sanctionable conduct under Rule 45.

2. First, Appellant's appeal did not include a reporter's record for the pivotal hearing that led to this appeal. The Appellant failed to file this reporter's record in clear contravention of the Appellate Rules' requirement to do so even after being notified of the reporter's record's location and cost. Although this failure could have initially been considered harmless, Appellant then pled facts and positions in his brief in direct contradiction of the representations he made during the motion for no-evidence summary judgment hearing to the trial court. Appellant's misleading behavior is properly sanctionable.

3. Second, Appellant raises multiple issues for the first time on appeal in violation of the Texas Rules of Appellate Procedure. Appellant attempts to raise for the first time on appeal whether an adequate time for discovery had passed and whether the No-Evidence Motion for Summary Judgment disposed of all parties

and claims in the suit. This is but an example of Appellant's indifference to basic and foundational appellate rules.

4. Third, Appellant has failed to comply with multiple appellate rules, preserve error for appeal, and cite authority or record references in support of his arguments. In his brief, Appellant raises new issues on appeal, attaches new evidence for consideration by the Court, and misleads the Court regarding facts in the record.

5. Lastly, Appellant filed a poorly written brief raising no arguable points of error. In his brief, Appellant either raises new issues on appeal or raises an argument that is frivolous, supported by misstatements of the record, and evidence that is either unsupportive or actually damaging to his argument.

6. Although sanctions are generally appropriate only in egregious circumstances, such circumstances are present here where Appellant has filed this appeal with no reasonable grounds of reversal in an effort to harass the Appellee or tarnish his good name. Appellee makes frivolous arguments, citing nearly no legal authority to support the critical parts of his position, and violates several of the Texas Rules of Appellate Procedure. Appellant's brief lacks legal merit and utilizes bizarre procedural tactics and *non-sequitur* arguments in an attempt to drag Appellee's good name through the mud because legal remedy is unavailable. Again, if sanctions under Rule 45 are ever appropriate, this is such a case.

## II. LEGAL AUTHORITY

7.    Pursuant to Texas Rule of Appellate Procedure 45, a court of appeals, on motion of a party or its own initiative, after notice and a reasonable opportunity for response, may award a prevailing party just damages upon determining that an appeal is frivolous. The purpose of appellate sanctions is to shift the burden of defending a frivolous appeal to the appellant. *Starcrest Trust v. Berry*, 926 S.W.2d 343 (Tex. App.—Austin 1996).

8.    Texas courts have established at least two scenarios in which an appeal is frivolous under Rule 45: (1) from the viewpoint of the appellant, there was no reasonable ground to believe that the judgment would be reversed; or (2) the appeal was objectively frivolous and injured the appellee. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *Compass Exploration v. B-E Drilling Co.*, 60 S.W.3d 273, 279–80 (Tex. App.—Waco 2001, no pet.); *Njuku v. Middleton*, 20 S.W.3d 176, 178 (Tex. App.—Dallas 2000, pet. denied); *Mid-Continent Casualty Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 397 (Tex. App.—San Antonio 1999, no pet.). While only one of these standards need be proven to justify sanctions under Rule 45, both are present in this matter.

9.    Texas courts of appeals have found several factors relevant in awarding just damages under Rule 45 (or its predecessor, Rule 84): (1) the

unexplained absence of a reporter's record when necessary for appellate review, *Am. Paging of Tex., Inc. v. El Paso Paging, Inc.*, 9 S.W.3d 237, 241 (Tex. App.—El Paso 1999, pet. denied); (2) a poorly written brief raising no arguable points of error, *Id.*; (3) a conscious indifference to settled rules of law, *Bradt v. West*, 892 S.W.2d 56, 79 (Tex. App.—Houston [1st Dist.] 1994, writ denied); (4) failure to comply with Appellate Rules, preserve error for appeal, or cite authority or accurate record references in support of arguments, *Casteel-Diebolt v. Diebolt*, 912 S.W.2d 302, 306 (Tex. App.—Houston [14th Dist.] 1995, no writ); and (5) raising an issue for the first time on appeal, *Tate v. E.I. du Pont de Nemours & Co.*, 954 S.W.2d 872, 875 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (citing *Bradt*, 892 S.W.2d at 79).

10. If this Court determines that this appeal is not technically frivolous under Rule 45, it may still sanction a party or attorney under its inherent powers to sanction a party or an attorney for egregious conduct in the prosecution of an appeal. *Johnson v. Johnson*, 948 S.W.2d 835, 840–841 (Tex. App.—San Antonio 1997, writ denied).

11. On the issue of damages, the current Rule 45 imposes no strict limit other than the requirement that the court of appeals award only "just damages" or "just sanctions."

## III.  ARGUMENT

12.    If sanctions under Rule 45 are ever appropriate, this is such a case. The Appellant and Appellant's Attorney have committed not just one offense, but nearly all of the sanctionable offenses listed above. *See supra* ¶ 1.

### A.    The unexplained absence of a reporter's record

13.    The Appellant failed to file a reporter's record in this matter after being notified of its location and cost despite the Appellate Rules requiring the filing of a reporter's record. *See* Tex. R. App. P. 34.1 & 34.6. Due to a mistake, this Court was given notice by a court reporter that no reporter's record was taken during the hearing on the Motion for No-Evidence Summary Judgment. (*See* Court Reporter's notice to court regarding status of record, filed on January 22, 2015, attached as Exhibit "A" and incorporated by reference herein.)[1] However, Appellee sent a letter to the Court, and sent this letter to Appellant's Attorney when she was later retained by Appellant, noting the court reporter's mistake and indicating that a reporter's record was taken for that hearing by Sheri Linder. (Appellee's Letter to the Court dated January 29, 2015, attached as Exhibit "B" and incorporated by reference herein.)[2] At the time of this filing, Appellant has filed no such record

---

[1] This letter is a part of this Court's record, Appellee attaches it to this Motion merely for the Court's convenience.

[2] This letter is a part of this Court's record, Appellee attaches it to this Motion merely for the Court's convenience. At the time that this letter was filed with the Court, Appellant was unrepresented by counsel. Due to internal error, Bertolino LLP did not serve this letter upon Appellant the day that the letter was filed. Staff discovered this error after Appellant retained

and Appellant's Attorney has expressed to Appellee that Appellant has no intention to do so.

14.     Appellant's entire appeal centers on the trial court's granting a motion for No-Evidence Summary Judgment.  *See* (Appellant Br. xiv).  Although the reporter's record for that hearing may not be essential to the merits of assessing the challenged judgment, Appellant has argued before this Court "facts" in direct contradiction with his representations before the trial court.  *Id.* Appellant's failure to obtain the reporter's record, especially when put on notice of its location, contradicts the Appellate Rules and is highly suspect.  *See* Tex. App. R. P. 34.1 & 34.6(b).

15.     Near the conclusion of the hearing on the Motion for No-Evidence Summary Judgment, the Honorable Judge Gus Strauss asked the parties whether or not there were any claims other than Plaintiff's DTPA claim at issue in the action. Appellant then confirmed that this was an action only under the DTPA.[3]

16.     In the Appellant's brief, he claims that the document entitled "Plaintiff's Amended Original Petition" (and referred to as an "amendment" to the

---

counsel, and sent the letter to both Appellant and Appellant's Attorney in order to avoid misrepresentations to this Court.  Appellant's Attorney raised this issue to Hiba Kazim of Bertolino LLP, and the issue was discussed by phone and then by email to the apparent satisfaction of Appellant's Attorney.

[3] Due to the lack of a reporter's record on appeal, Appellee has no direct quotation to provide the Court. Attorney for Appellee and a law clerk for Bertolino LLP were both present at this hearing and recall this conversation. They expect the reporter's record would confirm that this conversation, or a substantially equivalent conversation, took place.

Original Petition two other times in that document) was not intended as an amendment, but as a supplemental petition. (Appellant Br. 12–13); Clerk's Record (hereinafter "CR") 21. Although this argument has almost no merit in itself, Appellant specifically contradicted it. Had Appellant filed the reporter's record as required under Rules 34.1 and 34.6, Appellee would have definitive proof that Appellant's statement is false.

## B. Raising an issue for the first time on appeal

17. Appellant raises, for the first time on appeal, the issues of whether an adequate time for discovery has passed and whether the No-Evidence Motion for Summary Judgment disposed of all parties and claims in the suit.

18. Appellant argues on appeal that an adequate time for discovery had not passed prior to the hearing on the No-Evidence Motion for Summary Judgment. (Appellant Br. 13–20). In Appellant's Response to the No-Evidence Motion for Summary Judgment, he at no point addresses whether or not an adequate time for discovery has passed. CR at 49–52. To Appellee's recollection, Appellant did not challenge this point at hearing on that motion either.[4] Further, the order following the hearing stated that the motion "was properly filed after an adequate time for discovery had passed." *Id.* at 68. Appellant provided his signature to approve the order as to form and indicated no objection to this

---

[4] Again, this reporter's record is unavailable in the record on appeal because Appellant refused to obtain it.

language at that time either. *Id.* at 69. At best, Appellant invited the error of which he complains, as addressed in Appellee's brief, and at worst, he is presenting frivolous argument to this Court.

19. Appellant also argues that the order improperly dismissed Appellant's suit although there still remained undisposed-of causes of action raised in Appellant's original petition. Although Appellant's argument for this claim is nothing short of ridiculous,[5] this issue was also not raised in the lower court. Appellant did not seek any ruling on this matter before the trial court. In fact, Appellant signed the final order himself to indicate approval of its form. CR at 68–69. The order plainly stated that the judgment "finally disposes of all parties and all claims and is therefore final and appealable." *Id.* at 68.

20. While Appellant has provided only frivolous arguments on appeal for the above-mentioned issues, Appellant could have at least raised them at the trial court level. To save these issues for appeal is improper. Tex. R. App. P. 33.1.

## C. Failure to comply with Appellate Rules, preserve error for appeal, or cite legal authority or record references in support of arguments

21. Appellant and Appellant's Attorney disregard appellate rules on multiple occasions throughout Appellant's brief. The various violations of

---

[5] Appellant seeks for this Court to treat *Plaintiff's Amended Original Petition* as a supplemental petition. The Amended petition does not meet the requirements of a supplemental pleading, as addressed in Appellee's Brief. Appellant's argument that he intended the pleading to be supplemental to the original petition finds no factual support in the record.

Appellate Rules rise above mere technicalities or mistake and indicate a severe disdain for appellate procedure and disrespect for this Court and Appellee.

*1) Raising New Issues on Appeal*

22. As noted above, Appellant has raised several issues on appeal that he did not raise in the trial court. Raising new issues on appeal that were not argued or challenging issues that were not objected to in any way at the trial level is directly contrary to the Appellate Rules. Tex. R. App. P. 33.1 ("[T]he record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion that: (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context . . . .").

23. As shown above, several of Appellant's points were not complained-of at the trial level. *See supra* ¶¶ 17–20. To bring these issues up at the appellate court level completely disregards Rule 33.1 and puts matters before the appellate court that could have been dealt with in the trial court and unnecessarily wastes this Court's valuable time and resources.

*2) Attaching New Evidence for Consideration by the Court of Appeals*

24. In an attempt to make something out of nothing, Appellant's Attorney attaches screenshots of Appellee's business website to show that Appellant had

sufficient evidence to overcome Appellee's Motion for No-Evidence Summary Judgment. (Appellant Br. 23, app. C). Such material is highly improper for an appellant brief and may not be considered by the Court of Appeals. *See e.g., Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd) (Documents attached to brief as appendix but not appearing in the record cannot be considered by the appellate court when reviewing the case). Further, use of this material is not helpful for Appellant in any way and is included in Appellant's brief in bad faith:

    a.    First, this material was not before the Honorable Judge Gus Strauss when he decided the Motion for No-Evidence Summary Judgment, nor was it part of the District Court's record and thus *cannot* be considered evidence that the trial court should have considered in deciding Appellee's Motion for No-Evidence Summary Judgment.

    b.    Second, the material does not support Appellant's points in a meaningful way. Appellant appears to use the information to establish that Appellee is an experienced attorney who claims to offer honest advice to his clients. (Appellant Br. 23). These statements do nothing to support Appellant's claims that Appellee deceived him at the time of representation.

c.      Third, this material is irrelevant because, as Appellant's own attachment indicates, the screenshots were taken on February 24, 2015. *Id.* at App. C. Even if the information contained therein were relevant to this case, Appellant provides no proof that the website was materially the same at the time of the facts giving rise to Appellant's suit.

25.     Consistent with Appellant's past behavior, this appeal was brought to harass Appellee and damage his name and his business's goodwill. Attaching the website screenshots is an attempt to ensure that Appellant's brief, which contains several groundless accusations, will also include in the record Appellee's business name, logo, contact information, and likeness. As this material is not at all helpful to Appellant's case and is improper under the appellate rules, this behavior could only have been committed in a bad faith attempt to tarnish Appellee's name and reputation.

*3) Misleading the Court of Appeals by Misstating the Contents of the Record and/or Presenting Unsworn-to Statements in the Record as Establishing Facts*

26.     Appellant or his attorney severely misrepresents the contents of the record in the Appellant's Brief. (Appellant Br. 1–3) (asserting various occurrences of the case as established fact by citing to various unsworn-to pleadings); (Appellant Br. 5–6) (implying that Appellant referred to various specific

documents in the trial court's record in his Response to the Motion for No-Evidence Summary Judgment when in fact Appellant only referred to one affidavit and generally to "[e]vidence supporting the Plaintiff's claims . . . filed with the Court.") CR 50. This distinction is essential since such vague general references to the court's docket are inadequate for a Response to a motion for no-evidence summary judgment. *I.P. Farms v. Exxon Pipeline Co.*, 646 S.W.2d 544, 545 (Tex. App.—Houston [1st Dist.] 1982, no writ)); (Appellant Br. 23). This issue is discussed in further detail in Appellee's brief.

27. Appellant uses such misstatements to claim, among other things, that Appellant refused to comply with Appellee's discovery requests. (Appellant Br. 4–5). At no time were these discovery requests served on Appellee. Appellant merely continuously asserted in various unsworn-to pleadings that they were served. CR 7; CR 36; CR 49. Appellee made Appellant aware of the failure to serve Appellee (CR 27–28), but Appellant never bothered to attempt again to serve Appellee with such requests and instead insisted that Appellee was served by stating that the requests were sent and filing mail receipts bearing the incorrect address with the trial court.[6]

28. Appellant, with knowledge of these circumstances, has now claimed as established fact that Appellee was served with discovery requests and refused to

---

[6] These filed mail receipts appear to be absent from the record. One would think Appellant would have requested that they be included in the record had they not contradicted his claims.

answer them. (Appellant Br. 4–5). Appellant is using this Court to slander Appellee through this frivolous appeal by including such misstatements of the underlying facts that cast Appellee in an unfavorable light to this Honorable Court and the public.

## D.    A poorly written brief raising no arguable points of error

29.    The above points indicate that Appellant and/or Appellant's Attorney have failed to provide arguable points of error in Appellant's brief. Appellant makes three primary arguments in the brief: (1) an adequate time for discovery had not passed prior to the hearing on the Motion for No-Evidence Summary Judgment; (2) the Order on the Motion for No-Evidence Summary Judgment improperly stated that it dismissed all parties and claims; and (3) Appellant raised more than a scintilla of evidence as to each element of his DTPA claim. As the above has demonstrated, each of these arguments is supported by misstatements of the record, evidence that is improper on appeal or frivolous arguments that ignore settled law or fail to cite crucial legal authority. *See supra* §§ A–C. No essential argument of Appellant's brief is tenable.

30.    Appellant has filed this appeal in bad faith. While bad faith need not be shown for a motion under Rule 45, since the rule imposes "just damages," it is relevant insofar as it establishes what remedy is just in response to Appellant's egregious behavior. *See Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex.

App.—Houston [14th Dist.] 2011) (stating that a party's bad faith may be considered in assessing the amount of just damages to award under Rule 45) (*citing Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001)).

31. When representing himself at the trial level, Appellant consistently filed ranting motions and responses accusing Appellee of outrageous behavior with little or no supporting factual or legal support. *See e.g.,* CR 35–38 (alleging without any evidentiary support several dishonest acts. None of these allegations are supported by exhibits, sworn to, or especially relevant to motion at issue). Appellee expended substantial time, effort, and resources in responding to these groundless accusations in his motions. *See e.g.,* CR 27–28. Appellant's Attorney has demonstrated similar behavior at the appellate stage of this litigation and seems to believe that such is appropriate practice before this Court. While Appellant may have sincerely (albeit mistakenly) believed that this behavior was appropriate when representing himself *pro se* at the trial court level, Appellant's Attorney at the appellate stage has no such excuse.

32. Instead, Appellant's Attorney attempts to disguise the Appellant Brief's lack of necessary authority by citing several cases and other authority to support basic legal propositions such as standards for summary judgment (*See* (Appellant Br. 9–16, 19–22, 24–25)); however, when it comes to Appellant's more outlandish claims, Appellant provides no authority justifying these arguments.

Below are a few examples of Appellant's unsupported and outlandish factual assertions, legal arguments, and requests:

a.    Appellant's Attorney argues that the document entitled "Plaintiff's Amended Original Petition" and referred to as an "amendment" in three different places (CR 21) and treated as an amended pleading by the parties operated as a supplemental petition and was merely misnamed. (Appellant Br. 11–12). Appellant cites only Texas Rule of Civil Procedure 71 for misnamed pleadings and supplies no authority showing that the trial court should have interpreted a clearly-entitled amended pleading as anything other than an amended pleading. *Id.* Appellant cannot cite anywhere in the record where a judge in the trial court treated the amended pleading as anything other than an amended pleading. Further Appellant's Attorney fails to explain why Appellant did not take issue to treatment of the pleading as an amended pleading in the trial court.

b.    Appellant's Attorney argues that the discovery period under Level 2 does not begin until written discovery requests are served or an oral deposition is conducted. *Id.* at 17. Appellant cites a rule regarding the close of discovery, then makes assertions regarding

when discovery did or did not begin. *Id.* This severely misrepresents the law.

c.     If the lower court judgment is affirmed, Appellant requests that the Court confirm that Appellant may open a new suit under the DTPA. *Id.* at 24–25. Appellant merely seeks another bite at the apple and asks for the Austin Court of Appeals to pre-empt any future trial judge from dismissing Appellant's next frivolous suit for *res judicata* reasons. Appellant's Attorney provides no real basis in law or fact for granting this request.

33.     Without the above critical pieces, the primary arguments in Appellant's Brief crumble and fall apart. While there is no requirement for every statement in Appellant's brief to be supported by legal authority, Appellant's method of citing only ancillary authority to support outlandish factual and legal claims creates the illusion of a good faith brief that is in fact without merit on central issues. In short, it was prepared and filed in bad faith. Such deception is especially troubling as it not only commits sanctionable behavior, but then attempts to bury it behind a wall of citations unhelpful to Appellant's pivotal claims and argument.

# IV. CONCLUSION

34.    It is unfortunate that Appellant's disappointment with the results of his underlying case have led him to seek repeated unjustified judicial relief against Appellee.  Regardless, Appellant has at no point demonstrated wrongdoing on Appellee's part.  Instead, Appellant has sought frivolous judicial proceedings against Appellee which have asserted much and uncovered nothing.  Now, Appellant has employed Eleanor Ruffner to assist him in pursuing this frivolous appeal against Appellee.

35.    In hopes of being done with this matter sooner, Appellee did not previously pursue monetary or other relief against Appellant other than dismissal of his frivolous actions.  However, now that Appellant and his attorney have insisted on prolonging this litigation and wasting the time and resources of the Honorable Justices of this Court of Appeals, sanctions are more than warranted. *Glassman v. Goodfriend*, 347 S.W.3d 772, 783 (Tex. App.—Houston [14th Dist.] 2011) ("No litigant has the right to put an opposing party to needless burden and expense or to waste [the Court of Appeals'] time, which otherwise would be spent on the important task of adjudicating valid disputes.").

36.    Further, if sanctions are not imposed, Appellant will likely seek a frivolous appeal to the Supreme Court of Texas and/or attempt to bring the same or a similar frivolous action in a lower court, as he did against Gregory Canfield. *See*

(Appellant Br. 24–25); Supp. Clerk's Record at 77–88. Such relentless re-litigation is an abuse of the judicial system and a substantial waste of judicial and party resources.

## V. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Appellee prays that the Court:

37. Grant Appellee's *Motion for Sanctions Against Eleanor Ruffner and Stephen M. Daniels*.

38. Impose sanctions and "just damages" on Appellant and Appellant's attorney in accordance with Texas Rule of Appellate Procedure 45 to include:

    a.    dismissing Appellant's appeal;

    b.    granting Appellee reasonable and necessary attorneys' fees in the amount $5000.00 in preparation for defending this frivolous appeal and preparing a Motion for Sanctions; and

    c.    any and all other relief as the Court deems Appellee is entitled.

Respectfully submitted,

**BERTOLINO LLP**

By: /s/ Hiba Kazim
Tony R. Bertolino
Texas Bar No. 24038766
Hiba Kazim
Texas Bar No. 24076952
823 Congress Ave.
Suite 704
Austin, Texas 78701

Tel: (512) 476-5757
Fax: (512) 476-5758
Email: info@belolaw.com

***Attorneys for Appellee,***
***Tony R. Bertolino***

## CERTIFICATE OF CONFERENCE

I certify that I spoke with Eleanor Ruffner, Appellant's Attorney, via phone on April 8, 2015, regarding Appellant's position on the foregoing motion, and she indicated that she would be opposed to the foregoing motion.

/s/ Tony R. Bertolino
Tony R. Bertolino

I certify that I spoke with Eleanor Ruffner, Appellant's Attorney, via phone on April 9, 2015, and she indicated that she would be opposed to the foregoing motion.

/s/ Hiba Kazim
Hiba Kazim

## CERTIFICATE OF SERVICE

I certify that on April 9, 2015 a true and correct copy of *Motion for Sanctions Against Eleanor Ruffner and Stephen M. Daniels* was served on the following party by e-mail:

Eleanor Ruffner
The Law Office of Eleanor Ruffner, P.C.
1403 West Sixth Street
Austin, Texas 78703
(512) 913-7576
(512) 681-0800
eruffnerlaw@gmail.com
***Attorney for Appellant***

/s/ Hiba Kazim
Hiba Kazim

# Exhibit A



# COURT OF APPEALS

### THIRD DISTRICT OF TEXAS
P.O. BOX 12547, AUSTIN, TEXAS 78711-2547
www.txcourts.gov/3rdcoa.aspx
(512) 463-1733

JEFF L. ROSE, CHIEF JUSTICE
DAVID PURYEAR, JUSTICE
BOB PEMBERTON, JUSTICE
MELISSA GOODWIN, JUSTICE
SCOTT K. FIELD, JUSTICE
CINDY OLSON BOURLAND, JUSTICE

JEFFREY D. KYLE, CLERK

January 22, 2015

Stephen M. Daniels
8323 Clays Point
San Antonio, TX 78250

Mr. Tony R. Bertolino
Bertolino LLP
823 Congress Avenue  Suite 704
Austin, TX 78701
* DELIVERED VIA E-MAIL *

RE:     Court of Appeals Number:   03-14-00671-CV
        Trial Court Case Number:   D-1-GN-14-002146

Style:   Stephen M. Daniels
         v. Tony R. Bertolino

Dear Counsel:

This Court received notice on **January 22, 2015** that a reporter's record was not taken. Accordingly, this Court will expect the appellant's brief to be filed on or before **February 23, 2015**.

Very truly yours,

JEFFREY D. KYLE, CLERK

BY: *Chris Knowles*
Chris Knowles, Deputy Clerk

cc:     Ms. LaSonya Thomas

# Exhibit B

SAN ANTONIO OFFICE ACCEPTED
22211 IH 10 WEST 03-14-00671-CV
SUITE 1206 3944889
THIRD COURT OF APPEALS
SAN ANTONIO, TEXAS 78257 AUSTIN, TEXAS
TEL: 210.223.5553 1/29/2015 11:26 AM
FAX: 210.223.5550 JEFFREY D. KYLE
CLERK



**TBERTOLINO@BELOLAW.COM**

**HIBA KAZIM, ESQ.**
HKAZIM@BELOLAW.COM

**JOHN W. GREENWAY, ESQ. ‡**
JGREENWAY@BELOLAW.COM

**YURBIN E. VELASQUEZ, ESQ. †‡**
YVELASQUEZ@BELOLAW.COM

**RACHEL MESSER, ESQ. ‡✿**
RMESSER@BELOLAW.COM

**CHRISTOPHER CUMMINGS, ESQ. ‡**
CCUMMINGS@BELOLAW.COM

**A LAW FIRM OF ATTORNEYS AND COUNSELORS**

**823 CONGRESS AVENUE
SUITE 704
AUSTIN, TEXAS 78701-2405
TEL: 512.476.5757 | FAX: 512.476.5758
WWW.BELOLAW.COM**

**HOUSTON OFFICE
TEL: 713.225.7474
FAX: 713.225.7494**

\* *ALSO LICENSED TO PRACTICE LAW IN NEW YORK*
† *ALSO LICENSED TO PRACTICE LAW IN LOUISIANA AND VENEZUELA*
✿ *ALSO LICENSED TO PRACTICE LAW IN WEST VIRGINIA*
‡ *"OF COUNSEL" TO THE FIRM*

January 29, 2015

Court of Appeals                                              ***Via Electronic Filing***
Third District of Texas
P.O. Box 12547
Austin, Texas 78711-2547

> Re:    Court of Appeals Number 03-14-00671-CV; Trial Court Case Number D-1-GN-14-002146; *Stephen M. Daniels v. Tony R. Bertolino*

Dear Clerk of the Court:

I write in response to your letter dated January 22, 2015. In your letter, you indicated that a reporter's record was not taken in trial court case No. D-1-GN-14-002146. However, after further inquiry, an oral hearing did take place at the Trial Court of Travis County, Texas on September 30, 2014.

We also found the court reporter that took the record for that hearing. Her name is Sheri Linder and she was the court reporter for a visiting judge, Judge Gus Strauss. Ms. Linder's contact information is P.O. Box 845, Lockhart, Texas, 78644, (512) 227-5001, and the cost for the transcript is $175.00.

We also respectfully request that the Plaintiff, Stephen M. Daniels, obtain the transcript for the hearing held in this matter on May 13, 2014, in the District Court of Bexar County, Cause Number 2013CI19729. In that hearing, the Court Reporter was Kayleen Rivera and her phone number is (210) 335-2081, and the cost for the transcript is $140.

I request that the Plaintiff-Appellant be required to make both transcripts part of the Appellate Court's file.

Respectfully,

**BERTOLINO LLP**

By: _____
Tony R. Bertolino
For the Firm


TRB/ra

cc:        Mr. Stephen M. Daniels (*Via U.S. First Class Mail*)

              Client file